[Nos. 20666-8-II; 21156-4-II.   Division Two.   May 15, 1998.]

*In the Matter of the Marriage of* VICKI L. STEELE, *Respondent,* and LARRY GENE MIKULECKY, *Appellant.*

*Britton A. Buckley* of *Buckley & Colacurcio*, for appellant.

*Michael G. Spencer* of *Brown, Lewis, Janhunen & Spencer*, for respondent.

MORGAN, J. — In this action to modify child support, Larry Mikulecky moved (1) to dismiss Vicki Steele's petition to modify child support, (2) to vacate the child support provisions of the parties' 1985 divorce decree, and (3) for reasonable attorney fees. The trial court denied his motions, and we affirm.

The parties were married in Washington in 1974. They lived in Oregon, where he had been born and raised, from 1976 to 1985. While living in Oregon, they had two children, one in 1979 and one in 1981.

In 1985, the parties separated and Steele returned to Washington with the children. She filed for divorce in Lewis County and served Mikulecky in Oregon. It is disputed whether the service was adequate, but it is undisputed that he failed to appear before a decree was entered.

In November 1985, the trial court entered a default decree setting maintenance at $250 a month and child support at $350 a month. The court also awarded the parties' property, with Mikulecky receiving a travel trailer, a Dodge van, a Baja Volkswagen, the seller's interest in a mobile home contract, a 14-foot bass boat, stock in Georgia Pacific Corporation, and his taxidermy business.

In January 1986, Mikulecky and Steele stipulated that the decree's maintenance provisions should be stricken. They stated, "Petitioner and Respondent request that the court enter the subjoined Order Modifying the Decree of

Dissolution of Marriage."[1] They then proposed, and the court entered, the following order:

> THIS MATTER having come on before this Court pursuant to the foregoing Stipulation and request of the parties herein, and the Court having reviewed the files and records of this cause and being in all things fully advised, NOW, THEREFORE, it is hereby
>
> ORDERED, ADJUDGED and DECREED that the Decree of Dissolution entered herein on November 15, 1985, be and the same hereby is *modified* in that Paragraph 4 on page 1 of said Decree of Dissolution is hereby stricken. Respondent shall no longer be required to make payment to Petitioner of any sum as and for the maintenance of Petitioner.[2]

Also in January 1986, Oregon entered a child support order under the Uniform Reciprocal Enforcement of Support Act. According to that order, Oregon would collect $278 per month in current child support, beginning January 25, 1985. It would also collect $2,829 in back child support, based on noncompliance with the November 1985 decree. Mikulecky paid as ordered until 1995.

On October 1, 1995, Steele petitioned Grays Harbor County Superior Court to modify the Washington child support order. Mikulecky responded in three ways.

First, he moved to dismiss the modification petition, arguing that Washington lacked personal jurisdiction. He claimed he had not been properly served in Oregon because Steele had failed to file a long-arm affidavit stating she could not serve him in Washington. He also claimed that he did not have the necessary minimum contacts for Washington to exercise long-arm jurisdiction over him, and that the doctrine of continuing jurisdiction was inapplicable because the 1985 divorce decree was void.

Second, he moved, for the first time, to vacate the original decree's child support provisions on the ground that

---

[1]Clerk's Papers at 30.

[2]Clerk's Papers at 30-31 (emphasis added).

the trial court had lacked personal jurisdiction in 1985. Relying on CR 60(b)(5), he essentially argued that the original decree was subject to the same jurisdictional defects as the modification petition.

Third, he sought reasonable attorney fees. Citing RCW 4.28.185(5), he claimed that he had, or would, prevail due to lack of long-arm jurisdiction.

The trial court denied all three motions. It held that Mikulecky had voluntarily submitted to the jurisdiction of the Washington courts when he stipulated to an order striking maintenance, when he accepted the property awarded him by the decree, and when he waited 10 years to challenge jurisdiction. Finding that modification was warranted, it increased current child support to $868.50 a month and entered judgment for back child support for the period October 1, 1995 (the date of the modification petition) to July 1, 1996 (the date of trial).

On appeal, Mikulecky disputes all three of the trial court's bases for refusing to vacate the original child support order. He argues that the stipulation was not a request for affirmative relief; that he did not accept the decree's benefits in a legally significant way, although he may have passively complied with some of its provisions; and that a void decree does not become valid due to delay in attacking it. He also argues that even if the 1985 action is not void, the trial court still had no personal jurisdiction over him in the 1995 modification proceeding, because Steele failed to file the long-arm affidavit required by RCW 4.28.185(4).[3] Finally, he claims that the trial court erred in denying him attorney fees, and that he is entitled to fees on appeal.

█ A trial court that has properly entered an initial child support order has continuing jurisdiction to modify that order so long as at least one parent continues to reside in the state and the child continues to have some connec-

---

[3]RCW 4.28.185(4) provides that service under the long-arm statute "shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state."

tion with the state.[4] Assuming a trial court has continuing jurisdiction, it need not consider long-arm jurisdiction, for it need not obtain personal jurisdiction twice. Accordingly, the dispositive issue here is whether the 1985 decree's child support provisions are void or valid; if valid, the trial court had continuing jurisdiction over Mikulecky, and Steele was not required to file a long-arm affidavit.

■ In general, a party must assert lack of personal jurisdiction in his or her next responsive pleading, or by motion "made before pleading if a further pleading is permitted."[5] A party is permitted but not required to obtain a jurisdictional ruling before trial.[6]

A party waives a claim of lack of personal jurisdiction, and thus submits himself or herself to the jurisdiction of the court, if he or she omits to make such claim (a) in a motion "made before pleading if a further pleading is permitted," or (b) "in a responsive pleading or an amendment thereof permitted by CR 15(a) to be made as a matter of course."[7] A party also waives any claim of lack of personal jurisdiction if, before the court rules, he or she asks the court to grant affirmative relief, or otherwise consents, expressly or impliedly, to the court's exercising

---

[4]RCW 26.26.160. It provides in part: "(1) Except as provided in subsection (2) of this section the court has continuing jurisdiction to prospectively modify a judgment and order for future education and future support . . . ."

[5]CR 12(b); *Sutton v. Hirvonen*, 113 Wn.2d 1, 5, 775 P.2d 448 (1989); *Meadowdale Neighborhood Comm. v. City of Edmonds*, 27 Wn. App. 261, 269, 616 P.2d 1257 (1980).

[6]*French v. Gabriel*, 116 Wn.2d 584, 589, 806 P.2d 1234 (1991).

[7]CR 12(h)(1); CR 12(b); *Sutton*, 113 Wn.2d at 5 ("Generally, lack of personal jurisdiction must be pleaded in the answer or in a pretrial motion to dismiss or it is waived."); *In re Marriage of Parks*, 48 Wn. App. 166, 171, 737 P.2d 1316 (1987) ("By not objecting to the court's jurisdiction . . . [appellant] consented to [i.e., lost right to contest] the court's jurisdiction over him" at time of original decree), *review denied*, 109 Wn.2d 1006 (1987); *Meadowdale*, 27 Wn. App. at 269; *S.E.C. v. Cherif*, 933 F.2d 403, 416 (7th Cir. 1991), *cert. denied*, 502 U.S. 1071 (1992); *O'Brien v. Sage Group, Inc.*, 141 F.R.D. 81, 83-84 (N.D. Ill. 1992), *aff'd sub nom.*, *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394 (7th Cir. 1993). Because CR 12(h) is identical to FED. R. CIV. P. 12(h), we may look to federal cases for guidance. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 218-19, 829 P.2d 1099 (1992); *American Discount Corp. v. Saratoga W., Inc.*, 81 Wn.2d 34, 37, 499 P.2d 869 (1972).

jurisdiction.[8] A party does not waive a claim of lack of personal jurisdiction by not appearing,[9] by failing to obtain a jurisdictional ruling before trial,[10] or by complying with parts of a decree that the court had jurisdiction to enter.[11] Considered together, these propositions exhibit two separate but basic ideas: If a party wishes to claim lack of personal jurisdiction, he or she must do so (a) as soon as reasonably practicable and (b) consistently.

Turning to this case, we assume, without so holding, (1) that Steele failed to properly serve Mikulecky in 1985, and (2) that the trial court lacked personal jurisdiction when it entered the November 1985 decree of dissolution. Thus, we also assume that Mikulecky was under no obligation to respond to the 1985 proceedings. If he elected to appear, however, he was required to raise a claim of lack of personal jurisdiction by answer or pre-answer CR 12 motion, and not to consent, expressly or impliedly, to the court's exercising personal jurisdiction.

Based on the record and these assumptions, Mikulecky waived his claim of lack of personal jurisdiction by failing to assert it in timely fashion. He appeared in the case in January 1986, when he and Steele jointly sought an order "modifying" maintenance. If he wanted to claim lack of personal jurisdiction, he was required to raise his claim at that time, by answer or pre-answer motion made pursuant to CR 12(b). Instead of raising a claim, however, he actually *joined* in Steele's petition. As a result, we think, he waived any claim of lack of personal jurisdiction.

■■ Additionally, Mikulecky consented, albeit impliedly, to the court's exercising personal jurisdiction. When he joined the petition to "modify," he was moving to revise an

---

[8]*Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 765-66, 757 P.2d 933 (1988), *cert. denied*, 490 U.S. 1004 (1989); *In re Marriage of Markowski*, 50 Wn. App. 633, 638, 749 P.2d 754 (1988); *Marriage of Parks*, 48 Wn. App. at 170.

[9]*Sutton*, 113 Wn.2d at 6; *see In re Marriage of Leslie*, 112 Wn.2d 612, 619, 772 P.2d 1013 (1989) (no waiver due to mere lapse of time).

[10]*French*, 116 Wn.2d at 589.

[11]*Marriage of Leslie*, 112 Wn.2d at 619.

earlier order that he was electing to treat as valid. Moreover, even if we assume that he was moving to negate an earlier invalid order, he was implicitly accepting the trial court's orders on child support by affirmatively objecting *only* to the trial court's jurisdiction to order maintenance, and *not* objecting to the trial court's jurisdiction to order child support. Because Mikulecky omitted to make his claim when he was required to, and because his motion to "modify" maintenance (and *only* maintenance) implied consent to the trial court's jurisdiction to award child support, we conclude that he waived his claim of lack of personal jurisdiction.

Citing *Muscek v. Equitable Savings*,[12] Mikulecky argues that even if he consented to jurisdiction, the consent could not have operated retroactively. Assuming that is true, it is also immaterial. Given that Mikulecky consented to the court's jurisdiction to order child support by January 1986, as we have held, then the court had continuing personal jurisdiction during the entire 1995 modification proceeding that is under review here.

In summary, we hold that Mikulecky waived any claim of lack of personal jurisdiction in 1986, and that the trial court had continuing jurisdiction thereafter. Thus, the trial court had personal jurisdiction during the 1995-96 modification proceedings at issue here, and it did not err by ruling as it did.

Based on RCW 26.09.140, Steele seeks reasonable attorney fees on appeal. The commissioner shall grant such fees, provided that Steele fully complies with RAP 18.1, RCW 26.19.071(1), and all other applicable laws.

Affirmed.

SEINFELD and ARMSTRONG, JJ., concur.

Reconsideration denied June 26, 1998.

Review denied at 136 Wn.2d 1031 (1998).

---

[12]25 Wn.2d 546, 551, 171 P.2d 856 (1946).