[No. 67351-3-I.   Division One.   January 7, 2013.]

KENCO ENTERPRISES NORTHWEST, LLC, *Appellant*, v. BRETT N. WIESE ET AL., *Respondents*.

*Mark A. Johnson* and *Donovan R. Flora* (of *Johnson Flora PLLC*) and *Sims G. Weymuller* (of *Schroeter, Goldmark & Bender*), for appellant.

*Mary E. Depaolo Haddad* and *Jeffrey P. Downer* (of *Lee Smart, PS*), for respondents.

¶1 GROSSE, J. — A claim for legal malpractice is not assignable, directly or indirectly, to one's adversary in a proceeding from which that legal malpractice is alleged to have arisen.

¶2 Here, Kenco Enterprises Northwest LLC sued Sleeping Tiger LLC for failing to make payments under a real estate purchase and sale agreement. Sleeping Tiger countersued. Kenco defended the counterclaims, asserting as an affirmative defense an "AS IS/WHERE IS" clause drawn up by its attorney. The jury found in Sleeping Tiger's favor but awarded zero damages. A subsequent settlement resulted in a $3 million-plus judgment against Kenco in favor of Sleeping Tiger. Kenco then transferred its ownership interests in the real estate and limited liability company to Sleeping Tiger along with any legal malpractice claims it or its former owners might have against the attorney who drew up the purchase and sale agreement. Sleeping Tiger, having swallowed its adversary Kenco, now brings this legal malpractice claim nominally in Kenco's name against Brett Wiese, Kenco's former attorney. These facts fall within Washington's prohibition against assignment of legal malpractice claims. Therefore, we affirm the trial court.

## FACTS

¶3 Kenco, then owned by Jin and Dong Kang (Kenco/Kang), sold the Red Lion Hotel in Tukwila to Sleeping Tiger under a commercial purchase and sale agreement and addendum drafted by Kenco/Kang's attorney, Brett Wiese.[1] Sleeping Tiger agreed to pay the purchase price of $7,125,000.00 with $2,015,915.00 cash at closing, paying two bank notes of $2,399,295.01 and $1,372,114.35 subject to a first and second deed of trust in favor of the banks, and a promissory note of $1,350,000.00 secured by a third deed of trust.

¶4 Sleeping Tiger defaulted on the promissory note and Kenco/Kang brought suit on January 8, 2008. Sleeping Tiger counterclaimed for fraud, negligent misrepresentation, and breach of warranty or contract. Kenco/Kang con-

---

[1] Signed May 31, 2006.

tended that the "AS IS/WHERE IS" clause drafted by its attorney, Wiese, barred these affirmative defenses. In December 2009, after a two-week trial, the jury found that Sleeping Tiger defaulted on the promissory note but had established its affirmative defenses and counterclaims for negligent misrepresentation and fraud, and found that Kenco/Kang was liable for contractual breach of warranty. The jury then determined the amount of damages sustained by Sleeping Tiger to be zero dollars.

¶5 A pretrial order had precluded Sleeping Tiger from presenting evidence of its total damages because Sleeping Tiger's discovery responses failed to disclose the final amount of damages it sought. After the jury verdict, but before a judgment was entered, Kenco/Kang's trial attorney withdrew for nonpayment of fees.

¶6 On February 12, 2010, the trial judge awarded legal fees and costs to Sleeping Tiger in the amount of $207,757. On May 7, 2010, the parties informed the court that they were negotiating a settlement. Kenco/Kang was represented in the settlement negotiations by different counsel. On June 25, 2010, Kenco/Kang and Sleeping Tiger entered into an assignment agreement that provided the Kangs would assign their legal malpractice claims to Kenco and transfer their interest in Kenco to Sleeping Tiger. At the same time and on the same date, Kenco/Kang and Sleeping Tiger entered into a settlement agreement and mutual release. That settlement and mutual release agreement released any claims Sleeping Tiger had against the Kangs so long as they entered into the assignment agreement, stipulated to the salient facts and provided testimony for claims against their attorney Wiese, and transferred ownership of Kenco to Sleeping Tiger.

¶7 A judgment was entered with findings of fact and conclusions of law on July 5, 2010. The basis for the judgment lay in posttrial issues of attorney fees and costs, and Sleeping Tiger's anticipated motion for additur or, in the alternative, motion for new trial on damages, as well as

in Sleeping Tiger's anticipated appeal of certain evidentiary rulings by the court on damages. Those findings clearly show that the trial court agreed that Sleeping Tiger had a good faith basis to move for additur or, in the alternative, a new trial on damages. The court independently evaluated the evidence submitted in support of the stipulated damages and found that each claim was established by Sleeping Tiger by a preponderance of the evidence at trial and were proximately caused by Kenco/Kang's actions. The court awarded a total judgment of $3,014,708.12, broken down as follows:

1. $196,000.00 paid to Kenco/Kang for interest on the voided promissory note.

2. $140,000.00 in overpayments on mortgage and $21,271.00 in prejudgment interest on $140,000.00 overpayment stipulated to by the parties at trial.

3. $18,374.85 in late fees and penalties because Kenco/ Kang failed to timely pay the bank loans secured by the first and second deed of trust.

4. $390,000.00 Sleeping Tiger paid to settle the suit for earlier franchise termination by Red Lion Hotel.

5. $2,041,304.00 based on overpayment of $3,391,304.00 and adjusted by voided promissory note of $1,350,000.00.

6. $29,708.37 in costs.

7. $178,049.90 in attorney fees

The $3-million-plus judgment was filed on July 6, 2010. The following day, the Kangs transferred the limited liability company to Sleeping Tiger.

¶8 Kenco (now owned by Sleeping Tiger) sued its former attorney Wiese for professional negligence arising from Wiese's representation of Kenco in the commercial real estate transaction that was the subject of the litigation between Kenco and Kenco's new owner, Sleeping Tiger. Wiese moved for summary judgment dismissal, contending

that the transfer of the legal malpractice claims was illegal. The trial court agreed and dismissed the action. Kenco appeals.

## ANALYSIS

¶9 Several jurisdictions hold that legal malpractice claims are not assignable.[2] A minority of jurisdictions hold that a case-by-case determination is appropriate where public policy concerns are implicated.[3] Washington falls within the latter group and prohibits assignment to an adversary in the litigation out of which the alleged malpractice arose. The seminal case prohibiting the transfer of legal malpractice claims is *Kommavongsa v. Haskell.*[4] There, the plaintiff-guardians sued the driver of a car to recover damages for the injured passengers. In return for a covenant not to execute on the judgment, the defendant/judgment-proof driver permitted a default judgment to be taken against him and assigned the plaintiffs his legal malpractice claim against the attorney and agreed to help pursue that claim. The *Kommavongsa* court held that assignments between adversaries could give rise to potential conflicts of interest and could harm the legal profession by making lawyers reluctant to represent potentially judgment-proof clients.[5]

¶10 The same policy considerations present in *Kommavongsa* are present here. The agreements between Kenco and its adversary create the opportunity and incentive for collusion as to the stipulated damages in exchange for the agreement not to execute on the judgment in the underlying litigation and the transfer of the malpractice claim. This essentially converts legal malpractice into a

---

[2] *See* George L. Blum, Annotation, *Assignability of Claim for Legal Malpractice*, 64 A.L.R. 6TH 473, § 6 (2011).

[3] 64 A.L.R. 6TH 473, §§ 1, 18-19.

[4] 149 Wn.2d 288, 67 P.3d 1068 (2003).

[5] *Kommavongsa*, 149 Wn.2d at 293.

commodity. This reasoning applies whether or not the collusion is real. It is the opportunity for collusion and the transformation of legal malpractice to a commodity that is problematic both under *Kommavongsa* and here.

¶11 A similar result was reached in *Kim v. O'Sullivan*,[6] a case decided after *Kommavongsa*. Kim settled with the plaintiff for a $3 million judgment, and in exchange for a covenant not to execute, Kim assigned the plaintiff his legal malpractice claims against O'Sullivan. The plaintiff agreed to hold Kim harmless from expenses and risk of litigation. After this agreement was entered into, our Supreme Court issued its decision in *Kommavongsa*. Recognizing that *Kommavongsa* rendered the assignment void, the parties modified the original agreement with an addendum signed by Kim, the plaintiff, and the plaintiff's attorney, who was now representing Kim. Kim agreed to bring a legal malpractice claim in his own name but assigned the proceeds resulting from the claim to the plaintiff, the adverse party. The agreement also gave the adversary the right to control the litigation. The *Kim* court rejected this as nothing more than a ruse. Kim was not the real party in interest when the litigation was controlled by the adversary. The bottom line is that "[a] client may not assign a claim of attorney malpractice to his adversary in the litigation out of which the alleged malpractice arose."[7]

¶12 Kenco/Sleeping Tiger argues that here there is no assignment since the claim still belongs to Kenco, an entity in its own right. But Kenco has only one asset: its claim against its former counsel on the transaction. Kenco's metamorphosis as Kenco/Sleeping Tiger amounted to an assignment of that claim, something they had reason to know was problematic after this court's decision in *Kim*. As in *Kim*, this remedy that the parties devised of transferring the claim to Kenco/Sleeping Tiger still smacks of the problems sought to be avoided by the *Kommavongsa* rule.

---

[6] 133 Wn. App. 557, 137 P.3d 61 (2006).

[7] *Kim*, 133 Wn. App. at 559 (citing *Kommavongsa*, 149 Wn.2d 288).

¶13 Kenco/Sleeping Tiger argues that the reason for the change in ownership in Kenco is a question of fact that needs to be determined at trial. But Wiese set forth sufficient evidence for the assertion that Kenco had no other assets. In the face of those facts, Kenco/Sleeping Tiger cannot rest on its general assertions that there was value in the Kenco name with banks and other customers. When a motion for summary judgment is made and supported by facts, an adverse party may not rest on the mere allegations, denials, or conclusory statements to establish a genuine issue of material fact.[8] This is particularly true in light of evidence presented at trial that Kenco/Kang had defaulted on various contracts. Additionally, one of the Kangs filed bankruptcy.

*Declarations Not Considered*

¶14 In an amended notice of appeal, Kenco/Sleeping Tiger challenges the trial court's order in which it stated it did not consider certain declarations. Trial court rulings on the admissibility of evidence on summary judgment are reviewed de novo, and motions for reconsideration are reviewed for an abuse of discretion.[9]

¶15 The trial court specifically ruled that it did not consider portions of declarations. Orally, the trial court stated:

> I know there is a case out there that says if you don't object, it doesn't get out of the record. But it doesn't say you have to file a motion to strike. It's an evidentiary issue. Even if I grant it, I don't strike anything from the record, it's there in the record and I simply disregard it.

The court signed an "Order Granting Defendants' Second Motion to Strike Declarations." In the order it is clear that

---

[8] CR 56(e); *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 430-31, 38 P.3d 322 (2002).

[9] *Folsom v. Burger King*, 135 Wn.2d 658, 662-63, 958 P.2d 301 (1998); *Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002) (motions for reconsideration are reviewed for an abuse of discretion).

the trial court's use of the words "did not consider" instead of "struck" the declarations was an evidentiary ruling finding that these portions of the declarations were not admissible and therefore the court did not consider them. Unfortunately Kenco/Sleeping Tiger blithely considers this evidence to be before this court because the trial court did not "strike" the declaration but only "did not consider" it. The trial court's rulings were correct. A court cannot consider inadmissible evidence when ruling on a summary judgment motion.[10] Hearsay is inadmissible.[11] A court does not consider conclusory affidavits. Because all of the reasons set forth in the defendants' motion were well taken, the court was correct in not considering them and we do not consider them here on appeal.

¶16 In sum, looking at the substance of the transactions surrounding the underlying litigation to enforce the purchase and sale agreement, the settlement agreement, and the resulting acquisition of the original seller, it is evident that Sleeping Tiger acquired Kenco solely for Kenco's then remaining asset, the malpractice claim. That claim is one against an adversary's lawyer for causing the result in the underlying litigation and as such is not assignable under the rule of *Kommavongsa*. We cannot allow this rule to be obfuscated by clever lawyers and legal subtleties.

¶17 The trial court is affirmed.

SCHINDLER and DWYER, JJ., concur.

Review denied at 177 Wn.2d 1011 (2013).

---

[10] *Warner v. Regent Assisted Living*, 132 Wn. App. 126, 135-36, 130 P.3d 865 (2006).

[11] ER 802.