IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARLIN LEASING CORPORATION, | ) | No. 30554-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ASSOCIATED CREDIT SERVICE, INC., | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Associated Credit Service, Inc. appeals the denial of its motion to vacate a Philadelphia municipal court judgment, contending the trial court erred in concluding that the foreign municipal court had jurisdiction over the dispute. Specifically, it argues that the municipal court lacked subject matter jurisdiction because it is not part of the Pennsylvania state court system and lacked personal jurisdiction because service by mail was improper. The trial court did not err in concluding that the Philadelphia municipal court is a state court and that it had jurisdiction over Associated Credit based on the plain language of the lease between Associated Credit and Marlin Leasing. The lease specified that any law suit would be brought in the state of Pennsylvania, under Pennsylvania law. Associated Credit also agreed to submit to the

No. 30554-6-III
*Marlin Leasing Corp. v. Assoc. Credit Serv.*

jurisdiction of the Pennsylvania state court. Finally, Associated Credit received notice of the law suit and chose to ignore it. We affirm the trial court and award attorney fees to Marlin Leasing.

## FACTS

Associated Credit Service, Inc., a Washington corporation, signed a 60-month equipment lease with "JB II Funding, Inc." in July 2004. The lease was later assigned to Marlin Leasing Corporation and stated in relevant part:

> This lease shall be governed by the laws of the Commonwealth of Pennsylvania. You agree that any suit under this Lease shall be brought in state or federal court in Pennsylvania, and you irrevocably consent and submit to the jurisdiction of such courts. Each party waives any right to a jury trial.

Clerk's Papers (CP) at 13.

As the lease approached its end date, Associated Credit stopped its payments on the lease because it believed that Marlin Leasing had made unauthorized insurance deductions of $2,263.20 and failed to credit Associated Credit with an advance lease payment of $1,537.02. Marlin Leasing filed suit in the Pennsylvania Municipal Small Claims Court in 2009 and the court mailed notice of the suit to Associated Credit. Associated Credit accepted service by mail, but decided not to appear in Pennsylvania to defend the suit. Marlin Leasing then obtained a default judgment of $2,682.72 in

2

No. 30554-6-III
*Marlin Leasing Corp. v. Assoc. Credit Serv.*

September 2009.

Marlin Leasing filed a Notice of Registration of Foreign Judgment on September 19, 2011. Associated Credit moved to vacate the foreign judgment, arguing the Philadelphia municipal court lacked subject matter jurisdiction because it was not a federal or state court and that the court also lacked personal jurisdiction because service by mail was improper.

Marlin Leasing responded that the Philadelphia municipal court was part of the state court system and submitted a page from the state court's website that stated, "The First Judicial District (FJD) of Pennsylvania is composed of the three courts which make up the Philadelphia County Court System; the Court of Common Pleas; Municipal Court; and Traffic Court." CP at 28.

The court denied Associated Credit's motion to vacate the judgment, stating, "based upon what I have today, I'm satisfied that the matter was . . . filed in the state court." Report of Proceedings (RP) at 13.

## ANALYSIS

The issue is whether the Philadelphia municipal court lacked jurisdiction to enter the judgment against Associated Credit. Associated Credit contends that the municipal court is not a "state" court as contemplated by the language of the lease because the

3

municipal court's jurisdiction is limited to the city of Philadelphia. Associated Credit also argues that the municipal court lacked personal jurisdiction over it because, under Washington law, service by mail is not a proper method of service on a Washington corporation.

Marlin Leasing responds that Associated Credit consented to personal jurisdiction and that the method of service was proper under Pennsylvania procedural rules. It also points out that this court should not allow Associated Credit to frustrate justice by claiming improper service after having acknowledged actual notice of the proceedings and choosing not to respond to those proceedings.

Jurisdiction is a question of law we review de novo. *Young v. Clark*, 149 Wn.2d 130, 132, 65 P.3d 1192 (2003). A court only has authorization to hear and decide a case or proceeding if it has jurisdiction over the parties and the subject matter. Absent proper jurisdiction, a court may do nothing more than enter an order of dismissal. *Deschenes v. King County*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974), *overruled in part on other grounds by Clark County Pub. Util. Dist. No. 1 v. Wilkinson*, 139 Wn.2d 840, 991 P.2d 1161 (2000).

Generally, a judgment rendered in another state, if valid, is entitled to recognition in the courts of another state under the full faith and credit clause. *In re Estate of Stein*,

78 Wn. App. 251, 261, 896 P.2d 740 (1995). However, "'[a] judgment rendered without judicial jurisdiction . . . will not be recognized or enforced in other states.'" *City of Yakima v. Aubrey*, 85 Wn. App. 199, 203, 931 P.2d 927 (1997) (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 104 (1971)).

Service of process is a prerequisite to obtaining jurisdiction, and judgment entered without jurisdiction is void. *Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 324, 877 P.2d 724 (1994) (quoting *In re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988)). But a party waives the claim of lack of personal jurisdiction by "consent[ing], expressly or impliedly, to the court's exercising jurisdiction." *In re Marriage of Steele*, 90 Wn. App. 992, 997-98, 957 P.2d 247 (1998).

A party may consent to personal jurisdiction by written agreement, particularly in the commercial context:

> [B]ecause the personal jurisdiction requirement is a waivable right, there are a "variety of legal arrangements" by which a litigant may give "express or implied consent to the personal jurisdiction of the court." For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. Where such forum-selection provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust," their enforcement does not offend due process.

*Kysar v. Lambert*, 76 Wn. App. 470, 484, 887 P.2d 431 (1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

In *Kysar*, Division Two of this court held that consent to venue in a particular court constitutes implied consent to personal jurisdiction in that court, noting that consent to venue would be meaningless if personal jurisdiction was lacking. *Kysar*, 76 Wn. App. at 486 (quoting *Penn. House, Inc. v. Barrett*, 760 F. Supp. 439, 448 (M.D. Pa. 1991)).

As already noted, the parties' lease agreement explicitly placed venue in the "state or federal court in Pennsylvania," and further stated that the parties "irrevocably consent[ed]" to the jurisdiction of such court. CP at 13. Thus, by explicit agreement, Associated Credit consented to the personal jurisdiction of the Pennsylvania state courts. As such, it waived any claim of lack of personal jurisdiction.

The only remaining issue then is whether the Philadelphia municipal court constitutes a Pennsylvania "state" court. The evidence provided by Marlin Leasing establishes that the Pennsylvania state court system encompasses its municipal courts. A page from the website of the Unified Judicial System of Pennsylvania states that the Pennsylvania court system is structured like a pyramid with the municipal courts at its base. The Philadelphia municipal court is identified as one of the "Minor Courts," which are described as the "grass roots" level of the Pennsylvania state court system. Resp't's Br., Attach. B. Thus, when Associated Credit consented to venue in a "state court" of

6

No. 30554-6-III
*Marlin Leasing Corp. v. Assoc. Credit Serv.*

Pennsylvania that consent was valid to give personal jurisdiction for the lawsuit filed in the Philadelphia municipal court.

"[T]he exercise of jurisdiction must not offend traditional notions of fair play and substantial justice in light of the quality, nature, and extent of the defendant's activity in the state; the relative convenience of the parties; the benefits and protection of the laws afforded the respective parties; and the basic equities of the situation." *Raymond v. Robinson*, 104 Wn. App. 627, 641, 15 P.3d 697 (2001).

Here, Associated Credit signed a lease with a foreign corporation and agreed that any lawsuits under the lease would be brought in the state of Pennsylvania. When Associated Credit stopped paying on the lease, it reasonably should have anticipated being hailed into a Pennsylvania court to defend an alleged breach of the lease. Thus, a conclusion that the Philadelphia municipal court has jurisdiction over Associated Credit does not offend traditional notions of fairness and justice.

The trial court did not err in concluding that the Philadelphia municipal court was a Pennsylvania "state" court with jurisdiction over Associated Credit.

*Attorney Fees.* Marlin Leasing asks for attorney fees under RCW 4.84.030 and RAP 18.1. RCW 4.84.030 provides that where a contractual provision provides attorney fees, the prevailing party shall be awarded reasonable attorney fees to defend the

7

No. 30554-6-III
*Marlin Leasing Corp. v. Assoc. Credit Serv.*

provisions of the contract.

Here, the contract states: "If you do not pay us as agreed . . . you agree that we may . . . sue you for all past due payments and other charges and all payments due in the future to the end of the Lease Term, plus our legal and collection costs." CP at 13.

Because we affirm the trial court's decision, Marlin Leasing is entitled to fees and costs against Associated Credit.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Siddoway, J.

8