# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KYLA SLOAN,

                Respondent,

    v.

KAYLA BENSON,

                Appellant.

No. 77520-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 14, 2019

APPELWICK, J. — Kayla Benson appeals the entry of an anti-harassment order against her. She claims the superior court lacked personal jurisdiction over her and there is insufficient evidence in the record to support the court's order. We affirm.

## FACTS

On September 7, 2017, Kyla Sloan filed a petition in King County Superior Court for an anti-harassment order against Kayla Benson. Benson is the romantic partner of Sloan's former spouse. Sloan alleged that Benson, a New Mexico resident, repeatedly contacted her by telephone, text messages, and social media in a harassing and threatening manner. The court issued a temporary anti-harassment protection order and scheduled a hearing to take place 12 days later. At the hearing on Sloan's petition, the court considered the testimony of both Sloan and Benson. The court entered a three year anti-harassment order restraining Benson from all direct and indirect contact with Sloan. Benson appeals.

## ANAYLSIS

Benson contends that the superior court could not exercise personal jurisdiction over her because (1) she is not Washington resident, (2) she has insufficient contact with the State of Washington, and (3) there was no evidence that any harassing calls or messages "originated in the State of Washington." Benson's argument fails to address the provisions of RCW 10.14.155. The statute provides for jurisdiction over nonresident individuals in anti-harassment proceedings in certain circumstances when the conduct giving rise to the petition occurred out of state. Id. The conduct must represent an "ongoing pattern of harassment that has an adverse effect on the petitioner or a member of the petitioner's family or household and the petitioner resides in this state." RCW 10.14.155(d)(1). According to Sloan's petition and her testimony at the hearing, she resides in Washington.[1]

In addition, a party waives a claim of lack of personal jurisdiction when she "expressly or impliedly" consents to the court's exercise of jurisdiction. In re Marriage of Steele, 90 Wn. App. 992, 997-98, 957 P.2d 247 (1998). A person may manifest consent by appearing in the action and arguing the case on its merits. In re Marriage of Markowski, 50 Wn. App. 633, 637-38, 749 P.2d 754 (1988); In re Estate of Little, 127 Wn. App. 915, 922, 113 P.3d 505 (2005). There

---

[1] In her petition, Sloan alleged harassment from July to September 2017. According to her briefing on appeal, Sloan began residing in Washington on July 2, 2017. The fact that Sloan admittedly received some of the unwanted communications when she travelled out of state for a court hearing in August 2017 does not change the fact that the petitioner was a resident of Washington State during the period when the harassment occurred.

is nothing in the record to indicate that Benson objected to the court's exercise of jurisdiction. See CR 12(h)(1); In re Marriage of Parks, 48 Wn. App. 166, 171, 737 P.2d 1316 (1987) ("By not objecting to the court's jurisdiction and by seeking the relief he did" the appellant "consented to the court's jurisdiction" and thereby waived the right to challenge jurisdiction). Benson appeared at the September 19, 2017 hearing to oppose entry of the protection order. She testified and signed the order of protection. By appearing in the proceeding and failing to object on the basis of personal jurisdiction, Benson waived this claim of error.

Benson also challenges the sufficiency of the evidence supporting the court's order. She claims there was no evidence that she was the person responsible for the threatening and harassing communications directed toward Sloan.[2]

Chapter 10.14 RCW grants trial courts in civil anti-harassment proceedings "broad discretion to grant such relief as the court deems proper." RCW 10.14.080(6). At a hearing on a petition for an anti-harassment order, "if the court finds by a preponderance of the evidence that unlawful harassment exists, a civil anti-harassment protection order shall issue prohibiting such

---

[2] In her reply brief, citing In re Marriage of Freeman, 169 Wn.2d 664, 239 P.3d 557 (2010), Benson asserts that the facts here do not establish fear of imminent harm. As a general matter, we do not consider new arguments or theories raised for the first time in a reply brief. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). In any event, Freeman is inapplicable. The Freeman court discussed the petitioner's reasonable fear of imminent harm, in addition to 10 other factors, in the context of a decision about whether to terminate a permanent protection order imposed under the Domestic Violence Prevention Act, ch. 26.50 RCW. Freeman, 169 Wn.2d at 674.

3

unlawful harassment." RCW 10.14.080(3). Under RCW 10.14.020(2), "unlawful harassment" consists of (1) a knowing and willful (2) course of conduct (3) directed at a specific person, (4) which seriously alarms, annoys, harasses, or is detrimental to that person, and (5) serves no legitimate or lawful purpose.

This court reviews the issuance of a harassment protection order for abuse of discretion. See Trummel v. Mitchell, 156 Wn.2d 653, 669-70, 131 P.3d 305 (2006); In re Vulnerable Adult Petition for Knight, 178 Wn. App. 929, 936, 317 P.3d 1068 (2014). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). The court's findings are reviewed for substantial evidence. Knight, 178 Wn. App. at 936-37. "Substantial evidence" exists if the evidence is sufficient to persuade a fair-minded rational person of the truth of the evidence. In re Estate of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). We defer to the trier of fact on the persuasiveness of the evidence, witness credibility, and conflicting testimony. Knight, 178 Wn. App. at 937.

Benson relies on her own testimony at the hearing. She testified that the telephone number from which the calls and messages originated was not, and had never been, her telephone number. Benson asserted that she had a private investigator look into the matter and that a "search engine" linked the number at issue to another New Mexico resident, who had no apparent connection to either party. Benson speculated that Sloan herself issued the unwanted communications and was attempting to blame her.

4

The trial court was not compelled to accept Benson's testimony. Sloan produced a police report indicating that the telephone number at issue was associated with Benson. Sloan's testimony about the substance of the messages suggested that the sender was romantically involved with Sloan's former spouse and had knowledge of private details surrounding Sloan's marriage. The court expressly determined that Benson's testimony denying responsibility was not credible.[3]

In view of the court's essential credibility determinations following witness testimony, there was sufficient evidence to find by a preponderance of the evidence that Benson unlawfully harassed Sloan. The superior court's order is not manifestly unreasonable.

We affirm.

WE CONCUR:

_Appelwick, C.J._

_Chun, J._          _Schindler, J._

---

[3] We consider Sloan's briefing only to the extent that she refers to facts established by the record and responds to the issues raised by Benson with respect to the anti-harassment order. We disregard her references to factual matters outside of the record and discussion of unrelated state and federal crimes. See RAP 10.3 (a), (b).

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2019 JAN 14 AM 8:57