# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

In the Matter of the Estate of:

DEAN ROY LACY,

Deceased.

No.  59434-0-II

UNPUBLISHED OPINION

LEE, J. — David Leon VanDover, Sr. appeals the superior court's order denying his supplemental petition attempting to introduce the alleged will of Dean Roy Lacy into probate and subsequent orders related to reconsideration and revision of that order.  We affirm the superior court.

FACTS

Lacy died on October 12, 2022.  It appears that Lacy's estate was subject to an intestacy probate action based on VanDover's October 2022 statement to Lacy's daughter, Valerie Trimble, that Lacy died without a will.  Lacy's five biological children were his heirs.  Trimble was appointed administrator of Lacy's estate.

In October 2023, VanDover filed a supplemental petition seeking an order admitting Lacy's alleged will to probate.  The alleged will appears to have been initialed and signed by Lacy with an "X."  Clerk's Papers (CP) at 2-6.  The alleged will left the entire residual estate to VanDover and excluded all of Lacy's biological children.  The alleged will also appointed VanDover as executor of the estate.  The alleged will was witnessed by Dennis Brock and Michael

Gardner on September 30, 2022, but was not notarized. Later, an attestation of authenticity for Dennis Brock was notarized on May 26, 2023 and for Michael Gardner on July 11, 2023. The attestation of authenticity stated that they were present at the execution of the will and the alleged will was a true and correct copy of the will that Lacy executed. Finally, VanDover filed a declaration, dated September 5, 2023, claiming that he believed the will had been intentionally lost by the survivors.

The hearing on VanDover's supplemental petition was set for October 12, 2023. Trimble's attorney appeared at the hearing; VanDover failed to appear. The superior court commissioner entered an "Order DENYING Supplemental Petition and REJECTING Copy of Will" which included written findings of fact:

1. The alleged Copy of the Decedent's Last Will and Testament, in addition to other serious deficits, was not properly notarized at the time of signing and the subsequent Attestations which were notarized on May 26, 2023 and July 11, 2023 are not sufficient to cure the deficit of a notary at the time of signing.

2. The alleged Copy of the Decedent's Last Will and Testament if signed on the date in question would have been obtained while the decedent was actively dying and may have lacked capacity.

3. David Leon Van[D]over, Sr. produced the alleged "copy" of the Will well after instigating a creditor's claim that was rejected by the Administrator.

4. The statements of David Leon Van[D]over, Sr. in the Declaration re Circumstances Surrounding Lost Will & Lack of Revocation are in direct opposition to statements and documentation filed by David Leon Van[D]over, Sr. on March 3, 2023, specifically, David Leon Van[D]over, Sr. would have been the custodian of any such original Will, rather than the "survivors" of the decedent.

5. The March 3, 2023 filings by David Leon Van[D]over, Sr. also contained the following statement on page 4 of the "Copies of Documents Titled Roof of Facts"

2

"Although he had a will prepared (See Attachment G), his photo identification could not be found and was needed to sign the will. The notary public told me to contact her again once I was able to obtain a new identification card for him. Although I was able to obtain a new card for him, it arrived two days after his passing. The will was not signed in time, which was definitely not what he wanted. But his time ran out."

6. Based on the oral presentation of counsel as well as the Supplemental Petition, along with the Declaration of David Leon Van[D]over, Sr. and other supporting documentation, there is a lack of clear, cogent and convincing evidence necessary to admit the alleged copy of the Will to probate.

7. David Leon Van[D]over, Sr. failed to properly serve the administrator and heirs in this matter.

CP at 23-25. Based on the findings of fact, the commissioner denied the supplemental petition, rejected the alleged will, and affirmed the intestate status of the estate.

VanDover filed a motion for reconsideration of the commissioner's order, explaining that he had appeared at court but went to the wrong courtroom.[1] He also stated that a "court official" told him that there was no hearing scheduled that day. CP at 32. Further, VanDover alleged that because the commissioner found that there was no notice provided to the administrator and heirs, the court had no jurisdiction to enter the order denying the supplemental petition. The commissioner denied the motion for reconsideration on November 29.

On December 11, VanDover filed a motion to revise the commissioner's ruling and noted the motion for hearing on March 14, 2024. The superior court denied the motion for revision because the hearing was not set within 30 days of the entry of the order, as required by the local court rules. VanDover filed a motion for reconsideration, which was denied.

---

[1] VanDover also attempted to renote the hearing on his supplemental petition for November 13, which was in front of a different commissioner. The hearing was stricken so that the matter could be heard by the commissioner who entered the order denying the supplemental petition.

VanDover appeals.

ANALYSIS

VanDover argues that the superior court did not have jurisdiction to enter its order denying his supplemental petition and rejecting the alleged will. He also argues that the superior court erred because the will he attempted to introduce to probate was a valid will. And VanDover argues the superior court erred in denying his motion for revision as untimely.

A.    JURISDICTION

VanDover argues that the commissioner lacked jurisdiction to enter an order in this case because he failed to properly serve the administrator and heirs, and therefore, the commissioner's order is void. We disagree.

Service of process is necessary for the court to obtain personal jurisdiction and a judgment entered without jurisdiction is void. *Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 324, 877 P.2d 724 (1994). A party may waive a "claim of lack of personal jurisdiction if, before the court rules, he or she asks the court to grant affirmative relief, or otherwise consents, expressly or impliedly, to the court's exercising jurisdiction." *In re Marriage of Steele*, 90 Wn. App. 992, 997-98, 957 P.2d 247, *review denied*, 136 Wn.2d 1031 (1998).

Here, VanDover may have improperly served the administrator and the heirs, but the attorney for the administrator of the estate appeared at the hearing and affirmatively asked the superior court to grant relief by denying VanDover's petition and rejecting the alleged will. Therefore, the administrator consented to jurisdiction and the remaining heirs are not challenging the validity of the commissioner's order. Accordingly, VanDover's claim that the superior court lacked jurisdiction fails.

4

B.      VALIDITY OF THE WILL

VanDover argues that he proved the alleged will was valid. However, VanDover fails to properly challenge any of the superior court's findings of fact supporting its order rejecting the will. Accordingly, VanDover's argument fails.

We "'will uphold challenged findings of fact and treat the findings as verities on appeal if the findings are supported by substantial evidence.'" *In re Estate of Little*, 9 Wn. App. 2d 262, 274-75, 444 P.3d 23 (quoting *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004)), *review denied*, 194 Wn.2d 1006 (2019). Unchallenged findings of fact are verities on appeal. *Id.* at 274. We review conclusions of law de novo to determine if they are supported by the findings of fact. *Scott's Excavating Vancouver, LLC v. Winlock Props., LLC*, 176 Wn. App. 335, 342, 308 P.3d 791 (2013), *review denied*, 179 Wn.2d 1011 (2014).

Here, the commissioner entered written findings of fact, including a finding that VanDover failed to present clear, cogent, and convincing evidence necessary to admit the will to probate. VanDover does not challenge any of the commissioner's findings of fact. Therefore, the commissioner's findings of fact are verities on appeal. Further, VanDover offers no argument regarding how the commissioner's findings, which impliedly find that VanDover's evidence is not credible in light of the conflicting statements VanDover made throughout the case, do not support the commissioner's conclusion rejecting the alleged will. *See State v. Cox*, 109 Wn. App. 937, 943, 38 P.3d 371 (2002) (When an appellant fails to provide argument or authority, "[w]e are not required to construct an argument on behalf of appellants."); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (We do not consider errors unsupported by argument or authority.). Accordingly, we do not further consider VanDover's argument that the alleged will was valid.

C.    MOTION FOR REVISION

VanDover argues that the superior court erred by denying his motion for revision as untimely because the local court rule requiring that a hearing on a motion for revision be set within 30 days was not effective at the time. VanDover is incorrect.

Former PCLR 7(a)(12)(A) (2023), which was effective both when the motion for revision was filed in December 2023 and when the hearing was set in March 2024, provided:

> Within ten (10) days of the entry of a written order or judgment by a Court Commissioner, either party may file a motion for revision pursuant to PCLR 7(a)(3)(A), absent an order shortening time. The transcript, if required, shall be filed as per subsection (E) of this rule. Such motion shall be scheduled for argument on the assigned judicial department's calendar no later than 30 days from the Commissioner's written order or judgment sought to be revised except for good cause shown.

Here, in violation of the applicable rule, VanDover scheduled the hearing on the motion for revision more than 30 days from the commissioner's written order sought to be revised. Therefore, the superior court properly denied the motion for revision as untimely by applying the local court rules in effect at the time VanDover filed and scheduled his motion for revision.

To the extent VanDover argues he demonstrated good cause for failing to comply with the local court rule because LINX allowed him to schedule the hearing outside of the required 30 days, this argument was raised for the first time in his reply brief and is too late to warrant consideration. *Cowiche Canyon Conservancy*, 118 Wn.2d at 809.

We affirm.

6

No. 59434-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, C.J.

Price, J.