[No. 8167-2-III. Division Three. February 18, 1988.]

*In the Matter of the Marriage of* CONNIE SUSAN
MARKOWSKI, *Respondent, and* MICHAEL
GERARD MARKOWSKI, *Appellant.*

*W. James Kennedy* and *Thorner, Kennedy & Gano,* for
appellant.

*Robert B. Royal,* for respondent.

THOMPSON, A.C.J.—The trial court denied Mr. Mar-
kowski's motion to vacate a decree of dissolution, contain-
ing custody and child support determinations, wherein he
contended the decree was void for lack of jurisdiction. He
appeals. We reverse.

The Markowskis were married in Oregon, December 29, 1979. They had two children while residing in Oregon. On May 25, 1984, the Markowskis separated. Connie Markowski moved to Yakima with the children; Mr. Markowski remained in Oregon. Neither party previously had resided in Washington.

On June 22, 1984, Mrs. Markowski filed a petition for legal separation in Yakima County Superior Court. On June 24, Mr. Markowski arrived in Yakima to visit the children. While he was at the Yakima airport, Mrs. Markowski served Mr. Markowski a summons and petition for legal separation and a motion to appear and show cause. Mr. Markowski returned to Oregon, where he currently resides.

In the petition for legal separation, Mrs. Markowski sought permanent custody of the children, a property division, child support, and maintenance. Mr. Markowski failed to appear at the show cause hearing, and a temporary order concerning support, custody, visitation, and an award of attorney fees was entered July 6, 1984.

Thereafter, according to Mrs. Markowski, Mr. Markowski paid his child support and exercised his visitation rights. On October 10, 1984, Mrs. Markowski filed a new petition seeking dissolution. She also filed a certificate of mailing, indicating a copy of the petition was mailed to Mr. Markowski at his Oregon address. No summons was filed or mailed.

Mr. Markowski did not appear, and on November 14, 1984, an order of default was entered along with a decree of dissolution. Copies were mailed to him. Mrs. Markowski alleges he continued to pay the ordered child support and continued to insist upon his visitation rights as outlined in the decree.

Exactly 1 year later, on November 14, 1985, Mr. Markowski filed a motion to vacate the decree of dissolution pursuant to CR 60(b). The court denied the motion and a subsequent motion to reconsider. Mr. Markowski appeals.

First, Mrs. Markowski contends Mr. Markowski may only appeal the trial court's discretionary act of denying his motion to vacate, and may not properly appeal the decree of dissolution itself. *Bjurstrom v. Campbell,* 27 Wn. App. 449, 618 P.2d 533 (1980). Also, she argues his motion to vacate was properly denied because it was not "made within a reasonable time" as required by CR 60(b), and was then barred by the 1–year requirement of CR 60(b).

 Motions to vacate under CR 60(b)(5)[1] may be brought at any time after entry of judgment. *In re Marriage of Maxfield,* 47 Wn. App. 699, 702, 737 P.2d 671 (1987); *In re Marriage of Hardt,* 39 Wn. App. 493, 496, 693 P.2d 1386 (1985). Review of a denial of a CR 60(b) motion is generally limited to the propriety of the denial, and is not a review of the original judgment. *Bjurstrom v. Campbell, supra.* However, if questions are raised concerning lack of trial court jurisdiction, these issues are resolved on appeal as justice may require. *State v. Santos,* 104 Wn.2d 142, 702 P.2d 1179 (1985). Finally, when a judgment is void, the trial court has a nondiscretionary duty to grant relief. *Kennedy v. Sundown Speed Marine, Inc.,* 97 Wn.2d 544, 549, 647 P.2d 30 (Utter, J., dissenting), *cert. denied,* 459 U.S. 1037 (1982); *In re Maxfield,* at 703; *Brickum Inv. Co. v. Vernham Corp.,* 46 Wn. App. 517, 520, 731 P.2d 533 (1987). Because Mr. Markowski based his motion to vacate on CR 60(b)(5), contending the judgment was void, Mrs. Markowski's argument his motion was untimely must be rejected.

Mr. Markowski contends the decree was void because the trial court lacked personal jurisdiction over him. Proper service of the summons and complaint is essential to invoke

---

[1] CR 60(b)(5):

"**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

". . .

"(5) The judgment is void;"

personal jurisdiction over a party, and a default judgment entered without proper jurisdiction is void. *Mid–City Materials, Inc. v. Heater Beaters Custom Fireplaces,* 36 Wn. App. 480, 674 P.2d 1271 (1984); *Lee v. Western Processing Co.,* 35 Wn. App. 466, 469, 667 P.2d 638 (1983).

RCW 26.09.030 provides in relevant part:

> When a party who is a resident of this state . . . petitions for a dissolution of marriage, and alleges that the marriage is irretrievably broken and when ninety days have elapsed since the petition was filed and from the date when service of summons was made upon the respondent or the first publication of summons was made, the court shall proceed as follows:
> (1) If the other party joins in the petition or does not deny that the marriage is irretrievably broken, the court shall enter a decree of dissolution.

Here, Mrs. Markowski originally petitioned for legal separation. Subsequently, on October 10, 1984, Mrs. Markowski filed a petition for dissolution, and mailed a copy to Mr. Markowski in Oregon. However, no decree of legal separation was entered in the interim. No new summons was sent to Mr. Markowski. On November 14, 1984, less than 90 days after filing the petition for dissolution, an order of default and a decree of dissolution were entered. Mr. Markowski contends failure to properly serve the petition and summons, and to wait 90 days, voids the default decree. Mrs. Markowski responds that the petition for dissolution was merely an amendment of the original petition for legal separation and, under CR 15(a), there is no requirement that a new summons be filed and served when pleadings are amended.

■ If a party obtains a decree of legal separation, it can be converted to a decree of dissolution 6 months later upon motion and proper notice. RCW 26.09.150; *In re Marriage of Mahalingam,* 21 Wn. App. 228, 230, 584 P.2d 971 (1978). However, there is no authority for Mrs. Markowski's argument that the same motion procedure can be employed when a decree of legal separation has not been entered. There is good reason to require new service of a summons

and petition because the two actions (separation and dissolution) have distinctly different consequences. Without notice in the summons that default will be entered unless a response is received before a certain date, CR 4.1(b), the party is not afforded adequate notice to protect his rights. Mrs. Markowski was required to serve a new summons because the petition for dissolution asserted "new or additional claims for relief" not previously asserted. CR 5(a). Service of process was deficient; therefore, the trial court lacked personal jurisdiction.[2]

■ Mrs. Markowski argues even if service was technically improper, Mr. Markowski should be deemed to have waived his defense of lack of jurisdiction. She maintains he consented to jurisdiction, and should now be estopped from denying that jurisdiction. We find her argument without merit. His "living with" the void decree for 1 year, payment of his court–ordered child support, and attempts to visit his children pursuant to the court–ordered visitation, do not rise to the level of consent to or waiver of jurisdiction. While it is true one may waive the jurisdictional argument by proceeding to argue a case on its merits without asking for an immediate ruling on jurisdiction, *In re Marriage of Maddix*, 41 Wn. App. 248, 251, 703 P.2d 1062 (1985), this

---

[2]Though not necessary for our disposition of this matter, we note the trial court could not have obtained personal jurisdiction over Mr. Markowski to adjudicate the child support and property division portions of the action in any event without his consent. No minimum contacts with Washington were present. *Kulko v. Superior Court,* 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690 (1978); *In re Marriage of Johnston,* 33 Wn. App. 178, 179–80, 653 P.2d 1329 (1982). In addition, although the issue was conceded by Mr. Markowski, we note the service on him in the legal separation action was likewise deficient; we have previously held service on one who is merely "present", without more, does not withstand the minimum contacts/fundamental fairness scrutiny required by *Shaffer v. Heitner,* 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977) and *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945). *See Bershaw v. Sarbacher,* 40 Wn. App. 653, 656, 700 P.2d 347 (1985); *see also* 2 L. Orland, Wash. Prac., *Trial Practice* § 8 (Supp. 1983). However, minimum contacts are not required to adjudicate child custody, given reasonable attempts to furnish notice of the proceedings. *See Hudson v. Hudson,* 35 Wn. App. 822, 670 P.2d 287 (1983).

rule has no application here where Mr. Markowski did not appear and defend. It is also true that even though a decree is void, a party who procures such a decree or consents to it is estopped to question its validity where he has obtained a benefit therefrom, or has concurrently invoked the court's jurisdiction in order to gain affirmative relief. *Svatonsky v. Svatonsky*, 63 Wn.2d 902, 389 P.2d 663 (1964); *Livingston v. Livingston*, 43 Wn. App. 669, 672, 719 P.2d 166 (1986); *Bauer v. Bauer*, 5 Wn. App. 781, 792–94, 490 P.2d 1350 (1971). This rule also does not apply here. Mr. Markowski cannot be said to have consented to entry of the decree; nor did his challenge to Mrs. Markowski's attempts to limit his visitation rise to the level of consent or waiver. We hold the default judgment void; it was error to deny Mr. Markowski's motion to vacate. Consequently, we order the judgment vacated.

Having determined there was no personal jurisdiction, we need not address Mr. Markowski's assertion that failure to plead the jurisdictional prerequisites of the Uniform Child Custody Jurisdiction Act, as required by RCW 26.27.090, somehow denied the trial court subject matter jurisdiction over the issue of custody. If the matter should again be brought in Washington, the trial court must consider the criteria in RCW 26.27.030 to determine whether a basis exists to assume jurisdiction over the custody issue. We deny Mrs. Markowski's request for attorney fees on appeal.

Reversed, and the decree of dissolution is vacated.

GREEN and MUNSON, JJ., concur.

Reconsideration denied April 12, 1988.