[No. 52379-1-I. Division One. July 6, 2004.]

*In the Matter of the Marriage of* MU CHAI, *Respondent,* and YI KONG, *Appellant.*

*Catherine Wright Smith* (of *Edwards, Sieh, Smith & Goodfriend, P.S.*), for appellant.

*Dennis J. McGlothin* and *Joaquin M. Hernandez* (of *Barokas, Martin & Tomlinson*), for respondent.

ELLINGTON, A.C.J. — A decree of legal separation may be converted to a decree of dissolution by motion of either party. We hold that due process does not require new original process for such a motion. The rule permits service

by personal delivery or by mail to a last known address. But Mu Chai simply left a copy of his motion in a mailbox. This method of "service" did not comply with the rules, substantially or otherwise. Where the court has personal and subject matter jurisdiction, procedural irregularities render a judgment voidable, not void. Mu Chai's decree of dissolution was thus voidable. Yi Kong learned of the dissolution decree by 1998 but waited until 2002 before seeking to vacate the judgment under CR 60(b). Whether this was a timely challenge was not decided below. We therefore remand.

## FACTS

Mu Chai and Yi Kong were married in China in 1988. Mu Chai moved to Seattle to attend graduate school and was joined here by Yi Kong in 1991. Marital difficulties developed between them, allegedly including domestic violence. The parties separated in 1992.

Both parties applied for permanent residency under the Chinese Student Protection Act of 1992. This law, enacted after the Tiananmen Square massacre, provides protection for Chinese nationals and their dependents who were in the United States between June 5, 1989 and April 11, 1990 by allowing them to apply for permanent residency (adjustment of status or a green card). Mu Chai was in the United States at the relevant time, but Yi Kong was not. Yi Kong was therefore eligible for permanent residency only as a dependent of her husband. Mu Chai received permanent resident status in September 1993, but Yi Kong's application was put on hold because the visa quota for that year had been reached.

In November, 1993, Mu Chai prepared a petition for legal separation. Yi Kong alleges Mu Chai assured her that if she joined in the petition he would continue to assist in her pursuit of permanent residency but threatened her with deportation and jail if she refused. She signed the joinder form. On the line for notice of further proceedings, she gave

the address of an apartment in the University District belonging to a university colleague of Mu Chai; Yi Kong never resided or worked there.

In January, 1994, Mu Chai filed the separation petition, and the court entered a decree of legal separation.

Six months later, in July 1994, without notice to Yi Kong, Mu Chai appeared in the ex parte department in superior court and presented a motion to convert the decree of separation to a decree of dissolution. He was told he needed to give Yi Kong at least five days' notice.

Mu Chai put a copy of his motion in an envelope, went to the address Yi Kong had listed on the joinder form, and placed the envelope in the postal mailbox. The motion did not list a time or place for hearing. Yi Kong did not receive the motion.

Three business days later, Mu Chai filed his motion, presented an order ex parte, and obtained a decree of dissolution. The decree did not grant relief different from that granted in the original decree of separation, except to change the parties' status.

By 1998, Yi Kong learned of the dissolution. In 2002, she moved to vacate the dissolution decree under CR 60(b),[1] contending that Mu Chai's failure to give her proper notice of the conversion motion violated due process. Mu Chai, who had since remarried, sought an order converting the decree nunc pro tunc to the date of his original motion. Yi Kong sought to restrain any such conversion, to allow sufficient time for her to obtain permanent residency.

The matter was set for trial. The parties were prepared to present evidence on several issues, including the timeliness of Yi Kong's motion to vacate. At the parties' suggestion, the court agreed to consider, as a threshold issue, whether Mu Chai's notice to Yi Kong complied with the civil rules and satisfied due process, because if it did, the other issues would be moot. The parties stipulated to the facts surrounding Mu Chai's attempted service of the conversion motion. After hearing argument, the court ruled that Mu Chai had

---

[1] Kong did not cite a specific subsection of the rule, but alleged that her challenge to the decree of dissolution would be based on fraud and duress surrounding the decree of separation.

substantially complied with the rules governing service of motions, and that the minimum constitutional requirements of due process had been satisfied. The court denied Yi Kong's motion to vacate and dismissed the other motions as moot.

Yi Kong appeals. She argues the court erred in holding that Mu Chai substantially complied with the motion notice requirements of CR 5 and CR 6. She further contends that Mu Chai's failure to serve her with his motion renders the subsequent decree void.

## DISCUSSION

■■ A decree of legal separation is final when entered, subject to the right of appeal.[2] RCW 26.09.150 allows a decree of separation to be converted to a decree of dissolution:

> No earlier than six months after entry of a decree of legal separation, on motion of either party, the court shall convert the decree of legal separation to a decree of dissolution of marriage.

The statute requires only a motion. Service of motions is governed by CR 5(b)(1), which requires the moving party to serve the other[3] as follows:

> [B]y delivering a copy to him or by mailing it to him at his last known address or, if no address is known, filing with the clerk of the court an affidavit of attempt to serve. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person

---

[2] *In re Marriage of Moody*, 137 Wn.2d 979, 988, 976 P.2d 1240 (1999).

[3] Mu Chai contends a decree of separation may be converted to a decree of dissolution ex parte, so the service requirements of CR 5 do not apply. Mu Chai is mistaken. Service of such motions is required. CR 5(a); *see In re Marriage of Mahalingam*, 21 Wn. App. 228, 230, 584 P.2d 971 (1979) (holding that notice and opportunity to be heard in matters which materially affect a litigant's rights are "essential elements of due process that may not be disregarded" and that notice of a motion to convert a decree under RCW 26.09.150 "may not be dispensed with").

to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

Five business days' notice is required.[4]

A number of errors occurred in Mu Chai's attempted service on Yi Kong. Mu Chai did not attempt service at Yi Kong's last known address.[5] Instead, he used the address she gave for notices in her joinder in the petition for separation. Assuming that the address was proper for service of notices after a decree of separation was entered,[6] service must be by mail or in person. The rule makes no provision for hand delivery to a residential mailbox. Mu Chai's attempted service was also untimely; it occurred only three business days before Mu Chai returned to court and obtained the decree. Finally, the motion papers contained no notice of any time or place for the hearing.

■■ Substantial Compliance. The trial court ruled that when Mu Chai delivered the motion to the mailbox at the address Yi Kong listed on her joinder, he substantially complied with CR 5. The substantial compliance doctrine, however, applies only to *personal* service, not service by mail.[7] Further, the substantial compliance doctrine requires both actual notice and service in a manner reasonably calculated to reach the party on whom the statute requires service.[8]

■ ■ Neither of these criteria is met here. It was undisputed that Yi Kong did not receive actual notice of Mu

---

[4] CR 6(a), (d).

[5] Yi Kong alleges Mu Chai knew at all times how to contact her through her church and school and knew her phone number. Mu Chai does not dispute this allegation.

[6] We note that because there is no outer time limit for a motion to convert a decree of legal separation to a decree of dissolution, and the motion cannot be filed before six months after the separation decree, use of the address given in joinder is problematic at best.

[7] *See Martin v. Triol*, 121 Wn.2d 135, 144, 847 P.2d 471 (1993) (substitute service, including service by mail, requires strict adherence to the rule or statute).

[8] *Petta v. Dep't of Labor & Indus.*, 68 Wn. App. 406, 409, 842 P.2d 1006 (1992).

Chai's motion. The method Mu Chai used was not reasonably likely to result in notice to Yi Kong, who never resided at that address and had no reason to anticipate that documents might be left for her there after the separation decree was entered. And because the envelope hand-delivered by Mu Chai did not carry postage or (apparently) list a return address, the likely result was its destruction.[9] Finally, Mu Chai's attempt to serve Yi Kong was not timely even had it succeeded. There can be no substantial compliance with time requirements.[10] The trial court erred in finding that Mu Chai substantially complied with rules governing service of motions.

■ Void/Voidable. The further question is whether Mu Chai's failure to serve Yi Kong makes the dissolution decree void, or only voidable. Where a court lacks jurisdiction over the parties or the subject matter, or lacks the inherent power to make or enter the particular order, its judgment is void.[11] A motion to vacate a void judgment may be brought at any time,[12] and the court must vacate the judgment as soon as the defect comes to light.[13]

Where the court has personal and subject matter jurisdiction, a procedural irregularity renders a judgment voidable.[14] A voidable judgment may be vacated if the motion to vacate is brought within a reasonable time, and not more than one year from the judgment if the grounds asserted

---

[9] See DOMESTIC MAIL MANUAL §§ D041.1.3, PO11.2.6, F010.8.1(b), F010.8.3, http://pe.usps.gov (prohibiting delivery of articles without postage to mail receptacles and, if the sender cannot be identified, providing for the disposal of such articles as "dead mail").

[10] City of Seattle v. Pub. Employment Relations Comm'n, 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991).

[11] State ex rel. Turner v. Briggs, 94 Wn. App. 299, 302-03, 971 P.2d 581 (1999).

[12] See In re Marriage of Leslie, 112 Wn.2d 612, 619-20, 772 P.2d 1013 (1989).

[13] Mitchell v. Kitsap County, 59 Wn. App. 177, 180, 797 P.2d 516 (1990).

[14] See Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 541, 886 P.2d 189 (1994).

are mistake, inadvertence, surprise, excusable neglect, or irregularity in obtaining the order.[15]

Yi Kong contends the decree is void for want of personal jurisdiction, arguing that a motion to convert a decree requires new original process, absent which the court had no jurisdiction over her. Yi Kong acknowledges the statute does not require a summons or personal service. She contends due process requires both.

As Yi Kong points out, a decree of legal separation is a final judgment.[16] Relief available thereafter is limited. Yi Kong contends personal servic e is required for other postdecree proceedings and should be required here. She points to the statutory requirements for service of child support modification petitions (personal service or mail requiring return receipt).[17] She points out that in *Marriage of Markowski*,[18] a decree of dissolution obtained after a petition for a decree of legal separation was vacated for lack of personal service, and that in *Sweeny v. Sweeny*,[19] a postdecree petition for modification of the custody provisions of a divorce decree was held properly served on the attorney of record where the action had recently concluded and the attorney had not withdrawn.

We reject this argument. First, RCW 26.09.150 allows either party to seek, by motion, to convert a decree of separation to a decree of dissolution. Parties to a separation proceeding have constructive notice of this legal option.[20] While the decree of separation is final for purposes of

---

[15] CR 60(b). We note that "irregularity in obtaining the order" is one of several bases for a motion to vacate a voidable order, whereas "procedural irregularity" in the due process discussion describes all potentially voidable orders.

[16] *Moody*, 137 Wn.2d at 988 ("There are a number of reasons why married couples decide to petition for legal separation rather than dissolution. These could include religious concerns, emotional unpreparedness for dissolution, and financial considerations such as continuation of employment or social security benefits.").

[17] RCW 26.09.175(2); *see In re Marriage of McLean*, 132 Wn.2d 301, 306, 937 P.2d 602 (1997) (holding such service satisfies due process).

[18] 50 Wn. App. 633, 637, 749 P.2d 754 (1988).

[19] 43 Wn.2d 542, 548, 262 P.2d 207 (1953).

[20] *See In re Marriage of Briscoe*, 134 Wn.2d 344, 348, 949 P.2d 1388 (1998) (parties to a dissolution presumed to contract with reference to existing statutes).

appeal, the court's jurisdiction over the parties is not terminated by its entry.[21] The plain language of the statute calls for motion notice, not original process.

Second, the cases cited by Yi Kong do not support her theory that we must construe the statute to require summons notice to satisfy due process. The holdings in *Sweeny* and *McLean* merely express the rule that due process requires notice reasonably calculated to apprise parties of the pending action so as to enable them to present their objections. In *Sweeny*, service upon an attorney was deemed adequate, under the circumstances, for a motion to modify a custody decree.[22] In *McLean*, service by return receipt mail, as prescribed by statute, was deemed adequate for a petition to increase child support.[23] Neither case stands for the proposition that postdecree proceedings require a summons.

*Markowski* is the only case that involved the conversion statute. There, a petition for legal separation was properly served, but no decree was ever entered. The wife then mailed the husband a petition for dissolution and thereafter, obtained a decree of dissolution by default. Noting that actions for legal separation and dissolution "have distinctly different consequences," the court held a summons was required to obtain personal jurisdiction over the husband for the dissolution action and voided the decree.[24] Rejecting the wife's argument that the motion procedure of RCW 26.09.150 made a summons unnecessary, the court observed, "there is no authority for [the] argument that the

---

[21] *See, e.g., McLean*, 132 Wn.2d at 305 (once jurisdiction is acquired over the subject matter and the parties in a dissolution of marriage action, jurisdiction to modify child placement decisions, awards of spousal maintenance, and child support generally continues).

[22] *Sweeny*, 43 Wn.2d at 548.

[23] *In re Marriage of McLean*, 132 Wn.2d 301, 308-09, 937 P.2d 602 (1997).

[24] *Markowski*, 50 Wn. App. at 637.

same motion procedure can be employed when a decree of legal separation has not been entered."[25]

Yi Kong contends that as in *Markowski*, personal jurisdiction was lacking. But here, the relief sought by the original petition was obtained and a decree of legal separation was entered, whereas in *Markowski*, the relief sought in the original petition was not the relief obtained. We reject Yi Kong's invitation to extend *Markowski* to require a summons for a motion to convert a decree of legal separation to a decree of dissolution.

 Yi Kong also argues that where a statute requires a particular method of notice, and the statute is not complied with, due process is violated and the resulting order is void. Yi Kong relies, however, entirely upon cases examining requirements for original process.[26] These are cases in which personal jurisdiction was never obtained. Yi Kong cites no authority holding that once the court has jurisdiction, a failure of motion notice renders a judgment void ab initio.

The service required here was motion notice under the civil rules. Mu Chai did not comply with the rules, and Yi Kong had neither notice of the conversion motion nor opportunity to oppose it by arguing that her original joinder was obtained by Mu Chai's coercion and specific promises. But because the court had both personal and subject matter jurisdiction, this violation rendered the decree voidable, not void.

The trial court erred in ruling that Mu Chai substantially complied with the notice requirements for the motion to convert the decree. The decree was thus subject to vacation.

---

[25] *Markowski*, 50 Wn. App. at 636.

[26] *See Cheely v. Clayton*, 110 U.S. 701, 4 S. Ct. 328, 28 L. Ed. 298 (1884) (service of summons by publication insufficient for jurisdiction to enter divorce decree); *State ex rel. Hibler v. Superior Court*, 164 Wash. 618, 624, 3 P.2d 1098 (1931) (in proceeding to vacate judgment for fraud, statute requires service on party who prevailed in the original action; service on attorney insufficient); *Gerean v. Martin-Joven*, 108 Wn. App. 963, 971-72, 33 P.3d 427 (2001) (delivery of original process to defendant's father at address where defendant no longer resided did not constitute valid service), *review denied*, 146 Wn.2d 1013 (2002).

We remand to give the court an opportunity to address the parties' other arguments.[27]

Reversed and remanded.

BAKER and APPELWICK, JJ., concur.

After modification, further reconsideration denied August 30, 2004.

---

[27] Yi Kong's request for attorney's fees shall abide the ultimate result.