FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2018 SEP 10 AM 8: 57

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MARGEAUX RABBAGE and CHRIS BAJUK, | ) ) ) | No. 77053-5-I |
| Appellants, | ) ) | DIVISION ONE |
| v. | ) ) ) | |
| THERESA LORELLA, individually and on behalf of the marital community of THERESA LORELLA and JOHN DOE LORELLA, and MICHAEL V. FANCHER, individually and on behalf of the marital community of MICHAEL V. FANCHER and JANE DOE FANCHER d/b/a SEATTLE DIVORCE SERVICES, | ) ) ) ) ) ) ) ) ) | PUBLISHED OPINION FILED: September 10, 2018 |
| Respondents. | ) ) | |

BECKER, J. — This is an appeal from an order dismissing a legal

malpractice claim on summary judgment. There are material issues of fact as to

whether the omissions of a successor attorney constituted an independent

superseding cause of the plaintiff's damages. We reverse.

FACTS

1. Plaintiff Rabbage obtains a decree of dissolution by default

Margeaux Rabbage, appellant, married Niall Kennedy in July 2009. They

separated in December 2013. In September 2014, Rabbage, representing

herself, filed a petition to dissolve the marriage. The couple had no children. The petition itemized property and debts and asked that the home in Tacoma be sold and the proceeds split equally after the mortgage was paid off. Rabbage made a number of attempts to serve Kennedy. Although Rabbage did not achieve formal service, Kennedy knew about the petition. He filed a response pro se in December 2014 and asked that notice of further proceedings be sent to him at a stated address.

In February 2015, Rabbage retained Seattle Divorce Services to represent her in moving forward with the dissolution. Respondent Theresa Lorella, an attorney with Seattle Divorce Services, formally appeared for Rabbage on April 1, 2015. Lorella and Kennedy attended a status conference in June 2015. The court ordered that the case could not proceed without a record of valid service on Kennedy. Lorella filed and served an amended summons and petition on July 9, 2015. Kennedy does not dispute the validity of this service. In personam jurisdiction is uncontested.

Kennedy did not respond to the amended summons and petition. In November 2015, Lorella prepared a motion on behalf of Rabbage for an order of default. Lorella did not note the motion up for a court hearing. Instead, she sent a copy of the motion and proposed final decree to Kennedy with a cover letter advising him that she planned to present them a few days later for entry by the superior court "via ex parte."

On November 24, 2015, a superior court commissioner entered the proposed default dissolution decree that dissolved the marriage and divided the

property. The decree awarded the house in Tacoma to Rabbage. Kennedy was to convey his interest in the house to Rabbage by quitclaim deed or else the court would appoint a special master to sign a quitclaim deed.

Effective December 3, 2015, Lorella withdrew as Rabbage's attorney.

On December 17, 2015, Rabbage married Chris Bajuk.

2. Rabbage's ex-husband moves successfully to vacate the default decree

Rabbage retained a real estate attorney, David Britton, to assist with conveyance of the Tacoma property. Britton filed a notice of appearance in the dissolution cause number. On January 12, 2016, he moved on behalf of Rabbage for appointment of a special master to quitclaim the Tacoma property to Rabbage.

On February 5, 2016, Kennedy—now represented by counsel—filed a motion to vacate the default decree of dissolution under CR 60(b)(1). He requested a restraining order to prevent Rabbage from disposing of the property unilaterally.

A party who has appeared in an action "shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion." CR 55(a)(3). If no such notice is received, the party "is generally entitled to have judgment set aside without further inquiry." Morin v. Burris, 160 Wn.2d 745, 754, 161 P.3d 956 (2007). No showing of a meritorious defense is necessary. Tiffin v. Hendricks, 44 Wn.2d 837, 847, 271 P.2d 683 (1954). Kennedy asserted that he appeared in the action by personally attending the status conference in June 2015. He argued that he was entitled to have the

decree set aside as a matter of right because he did not receive notice that a motion for default was scheduled for a hearing. He also argued that even if his attendance at the status conference did not constitute an appearance, he was entitled to have the decree set aside on the grounds of mistake, inadvertence, and excusable neglect. Kennedy declared that his failure to respond to the amended summons and complaint was due to medical problems he was experiencing as a disabled veteran.

On February 10, Britton submitted a brief titled "Petitioner's Reply in Support of Motion for Appointment of Special Master." Despite the title, this brief also generally stated Rabbage's opposition to the motion to vacate the decree. The brief did not mention that Rabbage had already married someone else.

Judge Judith Ramseyer heard Kennedy's motion. On February 29, 2016, she ruled that Kennedy's failure to respond due to his medical condition was inadvertence and excusable neglect under CR 60(b)(1). Unaware that Rabbage had married Bajuk, Judge Ramseyer set aside the dissolution decree in its entirety. See CR 55(c)(1). The effect was to leave Rabbage married to both Kennedy and Bajuk. Rabbage did not move for reconsideration. She moved ahead on the new trial schedule established by Judge Ramseyer and obtained a second decree of dissolution of her marriage to Kennedy. The second decree, entered August 31, 2016, awarded the Tacoma house to Kennedy.

3. Rabbage files a malpractice suit against Lorella

On March 30, 2017, Rabbage brought this malpractice cause of action against Lorella. She alleged that Lorella violated the standard of care by failing

to serve Kennedy in compliance with CR 55(a)(3) and as a result, the default decree was "null and void." She further alleged that Lorella should have realized that the decree was void and should have advised her of the error before she married Bajuk. Rabbage claimed that the vacation of the decree caused her to suffer extreme emotional distress due to concerns about bigamy and the delay in completing the dissolution of her marriage with Kennedy. She also claimed as damages the expense of hiring new counsel to complete the dissolution and her loss of the more favorable division of marital property as ordered in the default decree.

Lorella moved for summary judgment. For the purpose of summary judgment only, Lorella's motion accepted that she was negligent. The only element of malpractice she put at issue was causation. In order for an attorney's negligent conduct to constitute legal malpractice, the breach of duty must be a proximate cause of the resulting injury. Halvorsen v. Ferguson, 46 Wn. App. 708, 719, 735 P.2d 675 (1986), review denied, 108 Wn.2d 1008 (1987). Proximate cause is usually the province of the jury, but the court can determine proximate cause as a matter of law if reasonable minds could not differ. Smith v. Preston Gates Ellis, LLP, 135 Wn. App. 859, 864, 147 P.3d 600 (2006), review denied, 161 Wn.2d 1011 (2007).

Lorella argued that Britton, as successor counsel, was an intervening and superseding cause of Rabbage's distress. She alleged that when responding to Kennedy's motion to vacate, Britton negligently and unforeseeably failed to take steps that would have prevented the outcome of Rabbage being married to two

men at the same time, including the obvious step of alerting the court and opposing counsel that Rabbage had remarried.

The trial court granted Lorella's motion and dismissed the lawsuit. Rabbage appeals.

This court reviews summary judgment de novo. Lavigne v. Chase, Haskell, Hayes & Kalamon, P.S., 112 Wn. App. 677, 682, 50 P.3d 306 (2002). "Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Lavigne, 112 Wn. App. at 682. The facts and resulting reasonable inferences are considered in the light most favorable to the nonmoving party. Lavigne, 112 Wn. App. at 682.

4. Rabbage incorrectly argues that Britton, the successor attorney, could not have prevented the damage caused by vacation of the default judgment

In opposition to Lorella's argument that her own negligence was superseded by Britton's, Rabbage contends there was nothing Britton could have done to achieve a better outcome. Rabbage argues that vacation of the default decree was the inevitable result of Lorella's negligence. The question is whether a reasonable judge in Judge Ramseyer's position would have refused to vacate the dissolution of the marriage if she had been informed that Rabbage was remarried. This is a question of cause in fact, but because it requires legal analysis, it is appropriately decided as a matter of law, irrespective of whether the facts are undisputed. Daugert v. Pappas, 104 Wn.2d 254, 257-59, 704 P.2d 600 (1985).

(a) The default decree of dissolution was not void.

Rabbage first asserts that Judge Ramseyer had no option except to vacate the entire decree because it was void ab initio.

Void judgments lack legal effect. In re Marriage of Leslie, 112 Wn.2d 612, 618-20, 772 P.2d 1013 (1989). A court has a nondiscretionary duty to vacate a void judgment. In re Marriage of Markowski, 50 Wn. App. 633, 635, 749 P.2d 754 (1988). If the default decree was void, Judge Ramseyer would not have had the power to salvage any part of it. If the default decree was void, the damage to Rabbage was already done before Britton became her attorney.

A party who does not receive notice of a hearing scheduled to consider a motion for default when such notice is required by CR 55(a)(3) "is generally entitled to have judgment set aside without further inquiry." Morin, 160 Wn.2d at 754. But the right to have a judgment set aside does not necessarily mean that the judgment is void. A void judgment exists if the issuing court lacks personal jurisdiction over the party or subject matter jurisdiction over the claim. Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 539, 886 P.2d 189 (1994). The superior court commissioner who entered the default decree dissolving the marriage between Rabbage and Kennedy had personal jurisdiction over Kennedy by virtue of service of the amended summons and complaint. The commissioner had subject matter jurisdiction by virtue of the superior court's constitutional authority to hear divorce matters. WASH. CONST. art. IV, § 6; In re Marriage of Buecking, 179 Wn.2d 438, 448-50, 316 P.3d 999 (2013), cert. denied, 135 S. Ct. 181 (2014).

Rabbage insists the default judgment was void, relying on Servatron, Inc. v. Intelligent Wireless Prods., Inc., 186 Wn. App. 666, 679, 346 P.3d 831 (2015). The defendants in Servatron were personally served with a summons and complaint. Servatron, 186 Wn. App. at 670. They retained an attorney who engaged in settlement negotiations but did not file a formal notice of appearance. Servatron, 186 Wn. App. at 670-72. When the negotiations broke down, the plaintiffs obtained a default judgment without giving notice. Servatron, 186 Wn. App. at 672. More than a year later, the defendants moved to vacate the judgment. Servatron, 186 Wn. App. at 672. The trial court denied the motion as untimely under CR 60's one-year time limit. Servatron, 186 Wn. App. at 673. The appellate court reversed, holding that the defendants had informally appeared such that under Morin, they were entitled to have the default set aside as a matter of right because of the lack of notice. Servatron, 186 Wn. App. at 677. The court further held that the default judgment was "void" due to the lack of notice, and therefore it could be vacated "at any time." Servatron, 186 Wn. App. at 678-79, citing Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323, 877 P.2d 724 (1994); Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010); Brenner v. Port of Bellingham, 53 Wn. App. 182, 188, 765 P.2d 1333 (1989); and Markowski, 50 Wn. App. at 635.

We must respectfully disagree with Servatron's holding that a default judgment is void if it is entered without the notice required by CR 55. Appellate courts "must use caution when asked to characterize an issue as 'jurisdictional' or a judgment as 'void.'" Cole v. Harveyland, LLC, 163 Wn. App. 199, 205, 258

P.3d 70 (2011). "Where the court has personal and subject matter jurisdiction, a procedural irregularity renders a judgment voidable," not void. Chai v. Kong, 122 Wn. App. 247, 254, 93 P.3d 936 (2004). The cases cited by Servatron to support its holding that the judgment could be vacated "at any time"—Khani, Ahten, Brenner, and Markowski—all involved judgments that were void because the issuing court lacked personal jurisdiction. The default judgment in Servatron was not void. The court that entered it had both personal and subject matter jurisdiction.

The same criticism applies to In re Marriage of Daley, 77 Wn. App. 29, 31, 888 P.2d 1194 (1994), wherein the court stated that a dissolution decree had to be vacated as "void" due to the wife's failure to give her husband, who had formally appeared in the matter, five days' notice before the entry of a default. If Daley had been written more cautiously, it would have used the term "voidable" rather than "void."

In holding that a default judgment is necessarily void if entered without proper notice to the defendant, the Servatron court acknowledged but declined to follow two "aging" Supreme Court cases that characterized such judgments as "voidable" rather than void. Servatron, 186 Wn. App. at 680, citing Person v. Plough, 174 Wash. 160, 163, 24 P.2d 591 (1933), and Chehalis Coal Co. v. Laisure, 97 Wash. 422, 430, 166 P. 1158 (1917). The Servatron court reasoned that the two older cases were displaced by Morin. But Morin does not use the terms "void" and "voidable." Morin does not hold that the court that entered the default judgment lacked personal or subject matter jurisdiction, and it does not

9

overrule <u>Person</u> or <u>Chehalis Coal</u>. Those two cases should be followed, not disregarded. Not only are they Supreme Court cases that have not been overruled, they correctly recognize that only a jurisdictional defect can make a judgment void.

In personam jurisdiction is obtained upon the initial service of process. <u>Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces</u>, 36 Wn. App. 480, 483, 674 P.2d 1271 (1984). A plaintiff's failure to give a defendant proper notice of a default judgment does not destroy in personam jurisdiction that was established over the defendant by proper initial service of a summons and complaint. It simply means that "the court has no authority to enter a default judgment because the defendant is not in default." <u>Tiffin</u>, 44 Wn.2d at 847.

The use of the term "void" in <u>Servatron</u>, <u>Daley</u>, and a few similar cases[1] is incautious and should not be repeated because it leads to analytical error. A failure to provide notice of default proceedings when required is generally regarded as "'a serious procedural error'" that justifies vacation, not as a jurisdictional flaw. <u>Gage v. Boeing Co.</u>, 55 Wn. App. 157, 164, 776 P.2d 991, quoting 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2687, at 438 (2d ed. 1983); 6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 55.05[3], at 55–27 (2d ed. 1988),

---

[1] For example, <u>Servatron</u> has already been cited for the erroneous proposition that "once a default order is set aside for lack of notice, any default judgment relying on that order is void." <u>Azpitarte v. Biscay</u>, No. 72749-4-I, slip op. at 5 (Wash. Ct. App. June 27, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/727494.pdf.

review denied, 113 Wn.2d 1028 (1989). The plain language of CR 55(a) speaks of motion notice, not original process.

A judgment that is void due to lack of jurisdiction can be vacated at any time, but a motion to vacate any other type of judgment must be brought within the time constraints of CR 60. Chai, 122 Wn. App. at 254-55. Under CR 60(b), the time limit is "within a reasonable time and for reasons (1), (2) and (3) not more than 1 year after the judgment, order, or proceeding was entered." Imposing a time limit to seek relief from a voidable default judgment is not unfair. A party who has been served with original process and has appeared in the action knows that the formal process of litigation has begun and is in a position to monitor it, in contrast to a person who has not been served with original process.

We hold as a matter of law that the default decree of dissolution in this case was not void. Kennedy's motion to vacate it was timely. If Britton had advised the court of Rabbage's remarriage, Judge Ramseyer could have considered the option of setting aside only the property distribution aspects of the decree.

(b) The default decree of dissolution could have been bifurcated.

Rabbage argues, though, that the option of setting aside only part of the decree was foreclosed by In re Marriage of Little, 96 Wn.2d 183, 185, 634 P.2d 498 (1981). In Little, the court held that at the time a superior court enters a decree of dissolution, it must rule on all ancillary matters. Little, 96 Wn.2d at 197. The dissolution of a marriage ordinarily should not be bifurcated from issues such as parenting and distribution of property. Little, 96 Wn.2d at 194. But if no one

objects to bifurcation in the trial court, no relief need be granted on appeal. The failure to object to bifurcation constitutes a waiver. Little, 96 Wn.2d at 198. Rabbage contends that Kennedy would have objected due to his generally uncooperative attitude, and his objection would have tied the hands of Judge Ramseyer so that she had to vacate all of the decree or none of it.

Little provides no reason to hold that a trial court needs the permission of both parties to bifurcate a motion to vacate a decree after it is entered. In these circumstances, where vacating the dissolution of the marriage puts a party in the position of having two spouses, the rationale for bifurcation is compelling. The avoidance of bigamy is an important public policy. In re the Marriage of Pratt, 99 Wn.2d 905, 909, 665 P.2d 400 (1983). In other contexts, a court has discretion to give separate consideration to claims within a default judgment, for example by vacating damages while leaving intact a judgment as to liability. Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson, 95 Wn. App. 231, 241, 974 P.2d 1275 (1999), review denied, 140 Wn.2d 1007 (2000); Fowler v. Johnson, 167 Wn. App. 596, 607, 273 P.3d 1042 (2012).

We are confident that Judge Ramseyer, or any reasonable judge in her position, would have exercised her discretion to leave intact the portion of the decree that dissolved the Rabbage-Kennedy marriage if Britton had asked her to. We therefore conclude the outcome of the motion to vacate likely would have been different if Britton, the successor attorney, had informed Judge Ramseyer that Rabbage was married to Bajuk.

5. The record does not conclusively prove that Britton's alleged negligence superseded Lorella's

While we hold Lorella has a plausible argument that Britton could have prevented Rabbage's emotional distress, this does not necessarily mean that Britton's negligence was the sole and superseding proximate cause of Rabbage's injuries.

Above, we determined as a matter of law that Judge Ramseyer would not have vacated the marriage dissolution if she had known of Rabbage's remarriage. Whether Britton's failure to mention the remarriage was an intervening act that broke the causal chain between Lorella's negligence and Rabbage's damage presents a jury question. The question can be decided on summary judgment "only when the facts are undisputed and inferences therefrom are plain and incapable of reasonable doubt or difference of opinion." Daugert, 104 Wn.2d at 257.

Material issues of fact stand in the way of Lorella's theory that Britton's alleged negligence was an intervening cause. First, Lorella has not established that Britton was negligent. It is not even clear that Rabbage told Britton she had remarried. Second, a negligent intervening act by a successor attorney does not necessarily relieve the first attorney of liability for negligence. If the causal chain is unbroken, the negligent parties share blame, and it is for the finder of fact to apportion the relative fault. Diamond v. Sokol, 468 F. Supp. 2d 626, 643 (S.D.N.Y. 2006).

To be regarded as a superseding cause, the intervening act must be one that is not reasonably foreseeable. Maltman v. Sauer, 84 Wn.2d 975, 982, 530 P.2d 254 (1975). To be unforeseeable, the intervening act must be "highly unusual or extraordinary." Cline v. Watkins, 66 Cal. App. 3d 174, 178, 135 Cal. Rptr. 838 (1977). Here, a jury could find that Britton's alleged negligence was not unforeseeable. In Diamond, 468 F. Supp. 2d at 643, the court ruled that causation remained an open question for the jury because if the original attorney had not acted negligently, the successor attorney would not have needed to remedy the error. That is true in this case as well. One of the considerations to determine whether an intervening act constitutes a superseding cause is whether the intervening act created a different type of harm than otherwise would have resulted from the actor's negligence. Campbell v. ITE Imperial Corp., 107 Wn.2d 807, 812-13, 733 P.2d 969 (1987). The type of harm likely to result from Lorella's alleged negligence was the vacation of the dissolution decree, which is precisely what occurred.

Lorella has not established beyond reasonable dispute that Britton's omission was the superseding cause of the emotional distress Rabbage experienced as a result of being married to two men at the same time. A jury could find that Lorella's negligence was a proximate cause of Rabbage's distress and her other damages.

The order granting summary judgment to Lorella is reversed.

_____
Becker, J.

WE CONCUR:

_____
Mann, A.C.J.

_____
Verellen, J.