**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 07 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NANCY SETTERQUIST,

       Plaintiff-Appellant,

v.

LAW OFFICES OF TED D. BILLBE,
PLLC, et al.,

       Defendants-Appellees.

No. 18-35880

D.C. No. 2:18-cv-01131-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted October 24, 2019
Seattle, Washington

Before: CLIFTON and IKUTA, Circuit Judges, and RAKOFF,[**] District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Nancy Setterquist appeals the district court's order dismissing her legal malpractice action. We conclude that the district court erred in holding that plaintiff could not prove proximate causation as a matter of law. We therefore reverse the order dismissing her case and remand to the district court for proceedings consistent with this memorandum.

The district court determined that "Plaintiff failed to pursue several opportunities to challenge the state court's failure to reform the separation contract, which in turn enabled Bardon Setterquist to obtain modification of his spousal support obligation," and that such failure "is fatal to her establishing proximate causation between Defendants' error and her alleged harm."

The district court's reliance on *Paradise Orchards General Partnership v. Fearing*, 94 P.3d 372 (Wash. App. 2004), and *Nielson v. Eisenhower & Carlson*, 999 P.2d 42 (Wash. App. 2000), was misplaced. Plaintiff's former husband could not have petitioned to modify the spousal support obligation absent defendants' initial clerical mistake, properly acknowledged by defendants, when drafting the separation contract. Regardless of whether plaintiff could have taken additional steps to challenge the state court's decision, she undoubtedly "would have fared better but for [defendants' alleged] malpractice." *Paradise Orchards General Partnership,* 94 P.3d at 376. Even assuming, *arguendo*, that plaintiff failed to take

2

appropriate action, such a failure was not the "sole cause of [her] injuries."

*Nielson*, 999 P.2d at 48.

The conduct of plaintiff and her replacement counsel "does not necessarily mean that [the alleged inaction] was the sole and superseding cause of [her] injuries." *Rabbage v. Lorella*, 426 P.3d 768, 775 (Wash. App. 2018). Rather, "causation remain[s] an open question for the jury because if the original attorney had not acted negligently, the successor attorney would not have needed to remedy the error." *Id.*

We need not decide whether the state court should have granted plaintiff's motion to correct the decree of dissolution pursuant to Washington Superior Court Civil Rule 60(b)(11) in these circumstances. For the reasons explained above, even assuming that relief under 60(b)(11) would have been appropriate, the failure to challenge the trial court's denial of the motion does not necessarily break the chain of causation to defendants' initial error. Nor would 60(b)(11) have been the sole avenue through which the state court could have acted to alleviate plaintiff's alleged injury. The dissolution decree stated that "[s]pousal support is non-modifiable, except if wife's father passes away, husband *may seek* to modify maintenance." (emphasis added). In other words, the state court had discretion to

3

grant or deny the petition to modify spousal support irrespective of whether the dissolution decree could have been amended under 60(b)(11).

Finally, even though plaintiff and her replacement counsel failed to take certain steps to seek revision of the petition for modification or renew the motion to correct the decree—even when the state court judge specifically invited them to do so—they were not complacent. Plaintiff's replacement counsel filed a trial brief contesting the petition of plaintiff's former husband to modify spousal support, albeit for reasons other than the enforceability of the CR 2A Agreement. Moreover, plaintiff contacted defendant Ted Billbe to offer him the opportunity to take responsibility for an appeal of the state court's decision on her behalf, but received no response. In these circumstances, "it is for the finder of fact to apportion the relevant fault" between the parties. *Rabbage*, 426 P.3d at 775.

The district court denied plaintiff leave to amend the complaint on the basis that "amendment will not cure the underlying lack of factual support for [the proximate causation element] of her legal malpractice claim." As we have concluded that plaintiff's failure to challenge the trial court's decision was not necessarily fatal to establishing proximate causation, the district court's reason for denying leave to amend is no longer supportable, and therefore the order is

4

vacated. Whether amendment will be sought following remand and whether leave should be granted are questions for plaintiff and the district court on remand.

Plaintiff moved for partial summary judgment on the question of whether defendants breached the standard of care as a matter of law. The district court's dismissal of the complaint rendered that issue moot. We decline plaintiff's request for us to take that question up now and remand to the district court to resolve the issue in the first instance.

Defendants filed with this court a motion to strike arguments and evidence offered for the first time in plaintiff's reply brief. Those arguments and evidence are immaterial to our resolution of the appeal. The motion is therefore denied as moot.

Plaintiff filed a motion for sanctions, arguing that "Billbe filed misleading excerpts of record and now moves to strike Setterquist's supplemental excerpts designed to correct Billbe's misleading impression." We do not believe that the record excerpts were intended to mislead the court. The motion is therefore denied.

Taxable costs shall be borne by defendants.

**REVERSED AND REMANDED.**

FILED

NOV 07 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Setterquist v. Law Office of Ted Billbe*, No. 18-35880

IKUTA, Circuit Judge, concurring:

Under Washington law, a plaintiff cannot sue her prior lawyer for negligence if a court erroneously declines to remedy the effects of the alleged negligence, and the plaintiff fails to appeal that erroneous ruling. *See Paradise Orchards Gen. P'ship v. Fearing*, 94 P.3d 372, 379 (Wash. Ct. App. 2004). According to *Paradise Orchards*, the failure to appeal such an erroneous judicial decision severs proximate cause between the lawyer's negligence and the client's injury, and proximate cause is a necessary element in a legal malpractice case. *See id. Rabbage v. Lorella* is not to the contrary, because that case did not involve an erroneous court ruling nor a subsequent failure to appeal. 426 P.3d 768, 775 (Wash. Ct. App. 2018).

In light of *Paradise Orchards*, our focus here must be on the question whether the state court erred when it denied Setterquist's motion under Civil Rule 60(b)(11) of the Washington Superior Court Civil Rules to correct Bilbe's scrivener's error in the divorce dissolution decree. If the state court erred, Setterquist's failure to appeal the erroneous ruling would be fatal to her legal malpractice claim. The other issues considered by the majority are irrelevant; for instance, Billbe's decision not to finance his ex-client's lawsuit has no legal effect on causation.

In this case, the chain of causation has not been severed because the state court's ruling on Setterquist's Rule 60(b)(11) motion was not erroneous. Under Washington law, a court will grant such a motion only when the movant establishes extraordinary circumstances, such as where, absent relief, a man would have been the legal father of children despite being married to their mother for a matter of months prior to divorcing her. *See, e.g.*, *In re Adoption of Henderson*, 644 P.2d 1178, 1179–81 (Wash. 1982). Unlike the extreme circumstances of *Henderson*, the garden-variety scrivener's error committed by Billbe does not satisfy this demanding standard. At the very least, the state court had the discretion to deny the motion, and we cannot say now that its decision was clearly erroneous.

Accordingly, I concur in the decision to reverse the district court's grant of appellee's motion to dismiss the complaint for failure to state a claim, and to remand to the district court for further proceedings, even though I disagree with much of the majority's reasoning.