**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Marriage of<br><br>CATHERINE A. PATTERSON,<br><br>      Respondent,<br><br>and<br><br>DONALD E. PATTERSON,<br><br>      Appellant. | DIVISION ONE<br><br>No. 82925-4-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — In this marital dissolution action, Donald Patterson contends that the trial court erred in concluding that it had personal jurisdiction over him and by entering a dissolution decree. Finding no error, we affirm.

I

Catherine and Donald Patterson married in April 2016 and separated in January 2020. In August 2020, Catherine[1] commenced this action in King County Superior Court and had a sheriff serve Donald with copies of an amended petition for divorce and other items, which did not include a summons.

In September 2020, Donald filed a response to the petition and claimed that the trial court lacked personal jurisdiction over him. He asked the trial court to enter a dissolution degree, divide the property and debts fairly and equitably,

---

[1] We refer to the parties by their first names to avoid confusion.

and for attorney fees but only "[i]f and when [the court] acquires jurisdiction" over him. At some point thereafter, the parties agreed to participate in an informal family law trial proceeding. The case then proceeded to trial in June 2021, where both parties represented themselves. On July 6, 2021, the trial court entered a dissolution decree and findings of fact and conclusions of law.[2]

Donald appeals and continues to represent himself.

II

Donald contends that the dissolution decree is void because the trial court lacked personal jurisdiction over him. We disagree.

Our review of a challenge to a trial court's personal jurisdiction is de novo. In re Marriage of Murphy, 90 Wn. App. 488, 493, 952 P.2d 624 (1998). "Proper service of the summons and complaint is essential to invoke personal jurisdiction over a party." In re Marriage of Markowski, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988). However, a party may waive a claim of lack of personal jurisdiction by "consent[ing], expressly or impliedly, to the court's exercising jurisdiction." In re Marriage of Steele, 90 Wn. App. 992, 997-98, 957 P.2d 247 (1998). Consent may be established by proceeding and arguing the case on its merits. See Markowski, 50 Wn. App. at 637; In re Estate of Little, 127 Wn. App. 915, 922, 113 P.3d 505 (2005) (court acquires personal jurisdiction when a party participates in the proceedings).

The record does not indicate that Catherine served Donald with a summons in this matter. Her petition also alleged that the trial court did not have

---

[2] We do not detail the trial court's findings and conclusions because none of them are at issue in this appeal, except for the personal jurisdiction determination.

personal jurisdiction over Donald. Donald filed a response agreeing that the court lacked jurisdiction over him. Both parties later agreed to resolve their dispute in an informal trial. During the June 2021 trial, Donald testified and sought affirmative relief in the form of "an equitable interest in the property" at issue. Thus, by his own actions, Donald waived any challenge to personal jurisdiction and obtained the benefits of a trial on the merits. The trial court's entry of the dissolution decree was proper.

Donald's reliance on Walker v. Orkin, LLC, 10 Wn. App. 2d 565, 448 P.3d 815 (2019), is misplaced. In Walker, after being served with an unsigned summons in a personal injury action, the respondent filed a CR 12(b) motion to dismiss the lawsuit for insufficient service of process within the statute of limitations. The trial court denied respondent's motion. Walker, 10 Wn. App. 2d at 568. On appeal, we noted that the plaintiff failed to timely correct its defective service, which necessitated a reversal of the trial court's denial of the motion to dismiss. Walker, 10 Wn. App. 2d at 572-73.

Unlike in Walker, Donald never moved to dismiss the petition for dissolution on jurisdictional grounds or for insufficient service of process. "In order to preserve the jurisdictional question the defendant must, however, proceed without equivocation, precisely and with dispatch." Sanders v. Sanders, 63 Wn.2d 709, 714, 388 P.2d 942 (1964). Instead, and also unlike the respondent in Walker, Donald invoked the trial court's jurisdiction by agreeing to proceed to and actively participating at trial. The trial court did not err by exercising its jurisdiction.

Affirmed.[3]

Dwyer, J.

WE CONCUR:

Coburn, J.

---

[3] Donald's request for an award of attorney fees and costs is denied.