# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Dependency of<br><br>S.E.R.,<br>DOB: 10/21/2014<br><br>               Minor Child.<br><br>THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>          Respondent,<br><br>     v.<br><br>KIZZY KENYATTA REID,<br><br>          Appellant. | No. 78770-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br>FILED: September 23, 2019 |

LEACH, J. — Kizzy Kenyatta Reid appeals an order terminating her parental rights with S.E.R. She claims that the underlying dependency order is void because of internal inconsistencies in that order but does not challenge the court's personal or subject matter jurisdiction to enter the order. Because any procedural irregularity may make the challenged order voidable but not void, this claim fails. We affirm.

## BACKGROUND

In November 2016, Reid fell asleep in the airport baggage claim while her daughter S.E.R. was sitting, unbuckled, in her stroller. A police officer contacted Reid and discovered outstanding warrants. After the police arrested Reid, the Department of Social & Health Services (DSHS)[1] took S.E.R. into protective custody. DSHS filed a dependency petition and provided Reid with proper notice of the dependency hearing. Her assigned social worker also told Reid about the impending dependency hearing and provided her with the court date.

Neither Reid nor an attorney representing her appeared at the dependency hearing. The court entered a default dependency order in January 2017. The default order required Reid to complete a drug/alcohol evaluation and follow treatment recommendations, complete 90 days of random urinalysis testing, complete age appropriate parenting classes, and complete a psychological evaluation with parenting component. The order provided Reid with two two-hour visits per week. Reid did not appeal the dependency order. She never asked the trial court to vacate it.

After the first dependency review hearing in April 2017, the court entered an order that identified S.E.R. as a dependent child pursuant to RCW 13.34.030(6). In a September 2017 order entered after a permanency planning meeting, the trial court again identified S.E.R. as a dependent child pursuant to

---

[1] The agency is now known as the Department of Children, Youth and Families.

RCW 13.34.030(6). In December 2017, DSHS filed a petition for termination. The trial court held another dependency review in March 2018. Its order entered after that hearing once again identified S.E.R. as a dependent child pursuant to RCW 13.34.030(6).

In late June 2018, the court held a two-day hearing on DSHS's termination petition. Reid's attorney attended both days. Reid appeared the first day and testified. She did not appear the second day.

In its oral ruling, the court said it found Reid's testimony "compelling" because she recognized that her substance abuse was a central problem. But the court found her failure to engage in the services necessary to address the issue by the time of the hearing undermined that testimony. The trial court concluded that DSHS had proved RCW 13.34.180(1)(a)-(f) by clear, cogent, and convincing evidence and that it had established by a preponderance of the evidence that termination was in S.E.R.'s best interest.

In mid-July 2018, the trial court entered findings of fact, conclusions of law, and an order terminating the parent-child relationship between Reid and S.E.R.

Reid appeals.

ANALYSIS

Reid claims that the State did not meet its burden of proving at the termination hearing that S.E.R. was a dependent child because the dependency order was void.[2] We disagree.

In Washington, the rights of a parent may be terminated after the State completes three steps, including a determination of dependency, dependency review hearings every six months and, finally, termination.[3] At the termination hearing, the State must satisfy two prongs.[4]

First, it must prove the following statutory elements by clear and convincing evidence:

> (a) That the child has been found to be a dependent child;
> (b) That the court has entered a dispositional order pursuant to RCW 13.34.130;
> (c) That the child has been removed or will, at the time of the hearing, have been removed from the custody of the parent for a period of at least six months pursuant to a finding of dependency;
> (d) That the services ordered under RCW 13.34.136 have been expressly and understandably offered or provided and all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been expressly and understandably offered or provided;
> (e) That there is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future . . . and
> (f) That continuation of the parent and child relationship clearly diminishes the child's prospects for early integration into a stable and permanent home.[5]

---

[2] RCW 13.34.180(1)(a), (c).
[3] RCW 13.34.030(6); RCW 13.34.138(1); In re Dependency of K.N.J., 171 Wn.2d 568, 576, 257 P.3d 522 (2011).
[4] RCW 13.34.190(1).
[5] RCW 13.34.190(1)(a)(i); RCW 13.34.180(1).

If it does, the State must also prove that termination is in the "best interests of the child" by a preponderance of the evidence.[6] If the State proves both prongs, the trial court will enter an order terminating parental rights.[7] Whether a termination order satisfies statutory requirements presents a question of law that we review de novo.[8]

The sole basis for Reid's challenge to the termination order is her assertion that the underlying dependency order was void.

A party make attack an order in a collateral proceeding only "if it is absolutely void, not merely erroneous. A judgment is void only where the court lacks jurisdiction of the parties or the subject matter or lacks the inherent power to enter the particular order involved."[9] A judgment is voidable if the court has jurisdiction, but the order is the result of mistakes or procedural irregularities.[10] Generally, CR 60(b) governs the process for vacating voidable orders. CR 55, which governs default judgments, provides that a default judgment may be vacated in accordance with CR 60(b).[11]

A party may ask to vacate a void order at any time.[12] But CR 60(b) requires that a party ask the court to vacate a voidable order within "a reasonable

---

[6] RCW 13.34.190(1)(b).
[7] RCW 13.34.190(1).
[8] K.N.J., 171 Wn.2d at 574.
[9] Bresolin v. Morris, 86 Wn.2d 241, 245, 543 P.2d 325 (1975) (citations omitted).
[10] In re Marriage of Mu Chai, 122 Wn. App. 247, 254, 93 P.3d 936 (2004).
[11] CR 55(c)(1).
[12] In re Marriage of Leslie, 112 Wn.2d 612, 618-19, 772 P.2d 1013 (1989).

time." And if the party bases its request on "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining" the order, the party must make its request "not more than 1 year after the judgement, order, or proceeding was entered or taken."[13]

Reid never challenged the dependency order on any basis in the trial court.[14] More than a year passed between the date the court entered the dependency order and when it entered the termination order. In the interim, the court held several hearings on the dependency and issued orders that repeated the finding of dependency. During this time, Reid did not ask to vacate the order. The time to make this request has passed.

Reid does not challenge the personal or subject matter jurisdiction of the court to enter the dependency order. Instead, she relies on inconsistent statements in the order stating that it was entered by default and with her agreement.[15] These inconsistencies do not make the order void. At best, they make it voidable. So Reid may not collaterally attack the validity of the dependency order.[16]

_____

[13] CR 60(b).

[14] In addition to the remedies provided in CR 60(b), RAP 2.2(a)(5) allows for appeal of "the disposition decision following a finding of dependency by a juvenile court."

[15] Reid challenges the trial court's jurisdiction over claims that the court did not have jurisdiction to issue the termination because it did not have a valid dependency order before it.

[16] Reid asserts that the dependency order here is similar to the order the court determined was void in In re Dependency of K.N.J.,171 Wn.2d 568, 257 P.3d 522 (2011). But the appellant there successfully challenged the jurisdiction

In her reply brief, Reid attempts to avoid the collateral attack bar with an assertion that this court should review her claim under RAP 2.5(a)(2) and RAP 2.5(a)(3). We generally do not consider an argument raised for the first time in an appellant's reply brief.[17] But even if we consider her claims, they fail.

First, Reid contends that we should review her challenge to the termination order under RAP 2.5(a)(2) because the State failed to establish necessary facts for termination because the dependency order was void. As we have discussed, this claim fails on its merits because the dependency order may be voidable but is not void. And she has waited too long to ask the trial court to vacate it.

Second, Reid asserts that we should review her claim under RAP 2.5(a)(3) because the entry of the dependency order was a manifest constitutional violation of her right to due process.[18] To show manifest constitutional error, an appellant must demonstrate actual prejudice.[19] And to show actual prejudice, the appellant must make a "'plausible showing . . . that the

---

of the court to issue the dependency order because the father did not consent to a judge pro tempore hearing the matter. K.N.J., 171 Wn.2d at 578. K.N.J. does not help her here.

[17] King v. Rice, 146 Wn. App. 662, 673, 191 P.3d 946 (2008).

[18] Mathews v. Eldridge, 24 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

[19] State v. Walsh, 143 Wn.2d 1, 8, 17 P.3d 591 (2001).

asserted error had practical and identifiable consequences in the trial of the case."[20]

Reid's challenge to the dependency order relies on an apparent mistake made by the person preparing the order. Reid makes no claim that she did not receive timely notice of the dependency order. She does not challenge the truth of the court's factual findings supporting the order. Reid's testimony at the termination hearing was consistent with those findings. She described the incident in the airport that caused DSHS to take S.E.R. into custody. She testified that her other children had been removed from her care and found dependent because she had been "on drugs." She said she was not, at the time of the hearing, using "hard drugs" but she was taking Percocet to deal with overwhelming anxiety. She described herself as "homeless" and lacking a steady income. She did not engage any of the services offered to address her substance abuse issues. Reid does not identify any evidence supporting her contention that she suffered actual prejudice, so she fails to establish manifest constitutional error.

Finally, Reid challenges the findings establishing dependency. But Reid does not discuss the substance of the findings, apart from her challenge to the dependency determination itself, and provides no direct challenge based on the

---

[20] State v. WWJ Corp., 138 Wn.2d 595, 603, 980 P.2d 1257 (1999) (quoting State v. Lynn, 67 Wn. App. 339, 345, 835 P.2d 251 (1992)).

record. We decline to consider arguments that are not supported by reference to the record.[21]

## CONCLUSION

We affirm. Reid does not establish that the termination order was based upon a void dependency order or that its entry was a manifest constitutional violation of her right to due process.

Leach, J.

WE CONCUR:

Chun, C.J.

---

[21] RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (declining to consider arguments unsupported by reference to the record).